■    Iris Glick et al., Appellants, v. Barbara Lickver, Ltd., Respondent. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, loss of services, etc., plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered June 18, 1971, as is against them and in favor of defendant, upon a jury verdict, after trial on the issue of liability only. Judgment reversed insofar as appealed from, on the law, and new trial granted as between plaintiffs and defendant, with costs to abide the event, with the following memorandum by Shapiro, J., in which Martuscello, J., concurs, and a further separate memorandum by Munder, Acting P. J. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. Shapiro, J. The injury which was the basis of the suit was the result of the falling of a six-foot by three-foot mirror fastened on the wall of defendant's dress store. Plaintiff Mrs. Glick was struck in the calf by a sliver of glass from the falling mirror. She was in defendant's store with her mother-in-law and her two children, boys 5 years and 2½ years of age. Mrs. Glick and her mother-in-law were there shopping for dresses. While they were so engaged her younger son went to the mirror and stood in front of it making funny faces. There is conflicting testimony as to whether the child was banging on the mirror with both hands or was merely touching it or was just making faces into it. There is also conflicting testimony as to whether store employees complained to Mrs. Glick about the child's touching and banging on the mirror

before it fell. Such testimony also is to the effect that Mrs. Glick stood placidly by and took no action in response to such complaints. Mrs. Glick, however, denied any such complaints and testified that when she noticed that the child had stepped away from her "momentarily" and was playing in front of the mirror she went to him and was taking him away from the mirror because he might distract anybody who wanted to use it, when it fell to the floor and struck her in the back of her leg. She says that since her back was to the mirror when it fell she did not know why it fell. The testimony of the owner of the store and of her two shopgirls was that Mrs. Glick and her party, the mother-in-law and the younger child (none remembered the presence of the older five-year-old), were in the store shopping for a substantial period of time; that the child was at the mirror on several occasions, banging on it and touching it with both hands; that they complained to Mrs. Glick, asking her to get the child to stop; and that the mother-in-law took him away from the mirror once, and the owner did also, in addition to telling the child to stop, but that he returned to the mirror although told not to go back there. They also testified that they cleaned the mirror practically every day and that in such cleaning they had noted no looseness in its fastenings to the wall or any other indication that it might fall. The trial court in its instructions to the jury told them that the question in the case was whether or not by the course of conduct of the child in question the mirror was loosened and the accident caused thereby. The trial court then went on to say: "If you find that that was the cause of the accident, no matter how slight he might have interfered with that mirror if you so find that he interfered with that mirror, this plaintiff cannot recover if you feel that that was the cause of the accident." Plaintiff's counsel excepted saying, "You have, in effect, made the mother negligent for the acts of the child." The court also refused a request to charge that the negligence of the son could not be imputed to the mother. To this refusal an exception was also taken. The court's charge that if the jury found that both the infant and defendant had caused the accident and that if Mrs. Glick was herself not guilty of contributory negligence, they had to find for defendant, when coupled with the court's further refusal to charge that the negligence of the infant could not be attributed to the mother, was erroneous, because plaintiffs were entitled to recover if the accident was caused by the combined negligence of both the infant and defendant even if we assume that a 2½-year-old child could be deemed negligent (cf. 1 Shearman & Redfield, Negligence, p. 227; cf. *Chandler* v. *Keene*, 5 A D 2d 42, 45; *Dugan* v. *Dieber*, 32 A D 2d 815; 2 Harper and James, Law of Torts, p. 925; *Verni* v. *Johnson*, 295 N. Y. 436). Munder, Acting P. J. I concur, but I do so solely on the ground that the instruction to the jury in response to their question "How did the mirror fall?" was insufficient and therefore erroneous. I do not fault the main charge, since the trial court had instructed the jury on the doctrine of *res ipsa loquitur* immediately prior to the language quoted in the prevailing memorandum. Although the court might more properly have granted the request to charge that "if the jury finds that both the infant and the defendant caused it then they can find for the plaintiff, if they find that the mother herself was not guilty of contributory negligence," I think the error was sufficiently corrected by the court's further instructions that if the infant loosened the mirror and caused it to fall "*and that the defendant was not negligent and had nothing to do with that*" the jury should find for defendant and again that plaintiffs "cannot recover *if the defendant was not negligent*" (italics supplied). In response to the jury's question the court, said: "That's what you are here for. You heard the testimony. As I told you in my charge, if you feel that this child was

banging on that mirror and affected that mirror to any degree and that was the proximate cause of the accident, I said that the plaintiff could not recover, that you would have to return a verdict for the defendant." The failure to require a finding that the child's conduct was the sole proximate cause of the accident and a finding absolving defendant of negligence rendered this instruction erroneous. Coming at the critical time when the jury had indicated its indecision, the instruction as given was virtually a direction to find a verdict for defendant. Brennan and Benjamin, JJ., dissent and vote to affirm the judgment.