■ NATHAN NAHMIAS, Appellant, v. CONCOURSE 163RD STREET CORP., Respondent.— Judgment, Supreme Court, Bronx County, entered on May 5, 1972, reversed, on the law, and vacated, verdict for defendant on issue of liability set aside, and a new trial ordered, with $60 costs and disbursements to appellant to abide the event. Plaintiff fell on an outside stairway of defendant's multiple dwelling. There was ample proof that a step was broken and that defendant had notice of the condition. The issue litigated was whether plaintiff fell because the step was coated with ice (a condition for which, under the circumstances, the defendant was not responsible) or whether he fell because of the defect in the step. If two conditions combine to cause an accident, for one of which the defendant is responsible, there is liability even though the other cause may have been a contributing factor (*Waller v. City of New York*, 308 N. Y. 820; *Berkson v. Village of Richfield Springs*, 300 N. Y. 720). Plaintiff requested a charge to this effect. Its refusal was error (*Buckley v. 2570 Broadway Corp.*, 12 A D 2d 473). Concur — Markewich, J. P., Kupferman, Murphy and Steuer, JJ.; Capozzoli, J., dissents in the following memoran-

dum: I dissent and vote to affirm. The complaint in this case is based on the negligence of the defendant in the maintenance of the premises "in that they caused, suffered, permitted and allowed the step to be broken, defective, uneven and in such a condition that it was dangerous and hazardous to those using the said step, in that they failed and omitted to make proper, prompt and adequate repairs". In his bill of particulars the plaintiff alleged "they [defendant] caused, permitted and/or allowed the aforementioned step to be, remain and become defective, uneven and broken and in such condition that it was dangerous and hazardous to those using the said step; in that they failed and omitted to take proper, prompt and make adequate repairs to said step after they knew or in the exercise of reasonable care and caution should have known of said dangerous conditions". At the trial, in describing the accident on direct examination, the plaintiff testified: "A. I put my foot down, I didn't notice it was broken — I know I was watching for the broken step, I put my foot down, I didn't judge enough and my foot went down and right away, I fall right away and broke my hand." The plaintiff testified: "Q. You could see the break in the step, too? A. Yes. Q. At the time you had your accident? A. Yes." We find the plaintiff further testified: "Q. Was there any snow on the steps? A. On the steps, no. * * * Q. This snowfall, which you say had just started to snow a little, had any part of it accumulated? I am speaking of the new snowfall on the steps: this is my question. A. No. * * * Q. Now, the part of the staircase that you were walking on before you fell, describe that part with respect to the surface of it; what was on it? * * * A. Yes. That part when I walked down on the stairs was clear." The presence of ice on the steps was the basis of the contention by the defendant that the injuries of the plaintiff were caused, not by falling on the broken step, but by slipping on the ice. Nowhere in the record is there any claim by the plaintiff that the ice and the broken step were concurring causes of the accident. Throughout this litigation the plaintiff claimed only one cause, the broken step. Therefore, the charge of the court relating to proximate cause was correct and no error was committed in refusing to grant the plaintiff's request to charge. The cases cited by the majority are distinguishable and inapplicable to the facts at bar.