LLOYD L. HURST, as Guardian ad Litem of LAKIESCHA TITUS, Respondent, v AMANDA TITUS, Appellant.

Fourth Department, October 30, 1980

158

APPEARANCES OF COUNSEL

*Palmiere, Passero & Crimi (Ronald J. Passero* and *James M. Byrnes* of counsel), for appellant.

*Faraci, Guadagnino, Lange & Johns (Paul K. Lange* of counsel), for respondent.

## OPINION OF THE COURT

CARDAMONE, J. P.

On January 12, 1974 Amanda Titus was in her kitchen at 791 Atlantic Avenue in Rochester cooking chicken in a dutch oven on a stove burner set on "high". Her daughter, Lakiescha, not quite two years old at the time, was in a playpen in the adjoining dining room. The mother left the kitchen for a few minutes to go into the bathroom and while there smelled smoke. Upon returning to the kitchen she found that the oil in the dutch oven had caught fire, causing flames to shoot up the wall. She tried unsuccessfully to put out the fire. It spread to the ceiling. According to her own affidavit, the mother forgot about her baby and ran upstairs to call the fire department. Then, remembering Lakiescha, she ran downstairs to get her, but the heat and smoke were too intense to get to the baby and so she ran outside where a passerby helped her break a window and rescue her daughter. Lakiescha suffered third degree burns over 65% of her body which required extensive grafts and protracted hospitalization. Her medical expenses exceeded $15,000 and she suffered permanent injuries and scarring.

Lloyd Hurst was appointed guardian ad litem for Lakiescha Titus on March 29, 1978 and commenced this negligence action, seeking damages from her mother, Amanda. The defendant moved to dismiss the complaint and the plaintiff cross-moved for summary judgment. Both motions were denied *(Hurst v Titus,* 99 Misc 2d 205). Defendant has appealed. We affirm.

■■ Immunity from suit arising from an intrafamily tort no longer exists in New York *(Gelbman v Gelbman,* 23 NY2d 434). Thus, a child now has a viable cause of action against its parent based on the parent's negligent act which breaches a duty owed to the world at large. An exception to this broad rule which abolished the defense of intrafamily tort immunity for nonwillful torts exists in those situations where the parental act constitutes negligent supervision, in which case no

cause of action on behalf of the child will lie *(Holodook v Spencer,* 36 NY2d 35, 50-51; *Goedkoop v Ward Pavement Corp.,* 51 AD2d 542). Accordingly, within the context of this case the mother, Amanda Titus, would not be liable to her daughter for injuries caused by Amanda's failure to supervise her daughter properly; but she will be liable if the injuries were caused by her negligent conduct in causing the fire. With these two given legal principles, the issue may be viewed as one of proximate cause, i.e., we must determine what conduct on Amanda's part resulted in her daughter's injuries—causing the fire to start or forgetting to rescue her child from the flames.

■ In view of Amanda's own affidavit admitting that she forgot all about her baby before calling the fire department, it cannot be denied that Amanda negligently supervised her daughter. The question remains, however, as to whether Amanda may still be held accountable for her negligence in starting the fire. We believe it anomalous to hold that one who committed tortious conduct (starting a fire) may be relieved of liability for that conduct by subsequent conduct (negligent supervision) which, though wrongful, is not actionable. Such a result is contrary to law. "It is axiomatic that there may be more than one proximate cause" *(Vinogradov v Clicquot Club Co.,* 55 AD2d 489, 491). "[W]here either of two independent acts of negligence may be found to be concurring, that is, direct causes of an accident, the perpetrator of either or both may be found responsible for the whole harm incurred" *(Sheehan v City of New York,* 40 NY2d 496, 503; see, also, *Nahmias v Concourse 163rd St. Corp.,* 41 AD2d 719; *Daas v Pearson,* 66 Misc 2d 95, 102, affd 37 AD2d 921). The rule stated by Harper on Torts (§ 115, p 264) is quoted by the Court of Appeals with approval in *Miller v Board of Educ.* (291 NY 25, 29): " 'Where the defendant has by his conduct set in motion forces which would not have resulted in harm to another but for the failure of a third person to act or perform some duty which the law imposes upon him the failure on the part of such third person to perform the act does not break the causal relation between the defendant's conduct and the plaintiff's damage" (see, also, Restatement, Torts 2d, § 452).

Applying this principle, the fire could be viewed as a proximate cause of Lakiescha's injuries. The mother's later failure to rescue her daughter is not that kind of intervening cause which will relieve a defendant from liability. Relief from

liability is only brought about by an intervening act which "interrupts the natural sequence of events, turns aside their course, prevents the natural and probable result of the original act or omission, and produces a different result that could not have been reasonably anticipated: (1A Warren, Negligence [1976 ed], p 230; *Sheehan v City of New York, supra,* p 503; *Hoggard v Otis Elevator Co.,* 52 Misc 2d 704, 708, affd 28 AD2d 1207). The mother's failure to rescue her child is not that kind of intervening cause which interrupts the natural sequence of events, while plainly the infant's burns are exactly the kind of results to be expected from a fire.

Viewed in the light most favorable to plaintiff *(Parvi v City of Kingston,* 41 NY2d 553, 554; *Marine Midland Bank-Eastern Nat. Assn. v Prel-Albany,* 50 AD2d 996), the facts alleged establish that defendant negligently started a fire and allowed it to spread, injuring plaintiff. A jury could readily find that the fire was a substantial and proximate cause of the injuries and, if so, then defendant is liable *(Glick v Barbara Lickver, Ltd.,* 39 AD2d 547; *Lawlor v Gallagher Presidents' Report,* 394 F Supp 721, 734-735; 1A Warren, Negligence [1976 ed], pp 239-240; 41 NY Jur, Negligence, § 34). The determination as to the proximate cause or causes of the infant's injuries must await the trial of the action.

Therefore, the order denying the motion to dismiss should be affirmed.

SCHNEPP, CALLAHAN, WITMER and MOULE, JJ., concur.

Order unanimously affirmed, with costs.