■ MELINDA M. KEOHAN, an Infant, by DAVID A. KEOHAN, JR., Her Parent and Natural Guardian, Plaintiff, v ANGELO DI PAOLA et al., Defendants and Third-Party Plaintiffs-Appellants. DAVID A. KEOHAN, JR., Third-Party Defendant-Respondent. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered June 30, 1982 in Ulster County, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint. The facts underlying this third-party action for indemnification or contribution are not substantially contested. On August 7, 1979, David Keohan drove his family, including his daughter Melinda, who was then eight years of age and in the right rear seat of the automobile, to Carlos Pizza, then owned by Angelo and Marine Di Paola. While Mrs. Keohan was paying for the pizza she had ordered, an employee brought the boxed pizza to the car and placed it through the right rear window onto Melinda's lap, although Mr. Keohan had told the employee to put the pizza on the front seat. After Mr. Keohan began driving home, Melinda began crying and screaming, allegedly because the pizza came through the box and burned her legs. Melinda was

treated at an emergency room for burns and ultimately was required to spend several days in the hospital for treatment of the burns. As a result of this incident, Melinda, by her father, commenced a personal injury action against the Di Paolas alleging, *inter alia,* negligence in the packaging of the pizza and in the placing of the pizza on Melinda's lap. Thereafter, the Di Paolas (hereinafter third-party plaintiffs) commenced a third-party action for indemnification or contribution against David Keohan (hereinafter third-party defendant) alleging that his negligence was responsible for Melinda's injuries. Third-party defendant then moved for summary judgment dismissing the third-party complaint for failure to state a cause of action. Third-party plaintiffs opposed this motion on the grounds that the pizza should be considered a "dangerous instrument" and that the injuries were caused by the direct and active participation of third-party defendant, the victim's parent. Special Term granted summary judgment and dismissed the third-party complaint, holding under *Nolechek v Gesuale* (46 NY2d 332) that there was no "entrusting" of the pizza to the infant by the parent and that the pizza was not a "dangerous instrument", without explicitly discussing whether third-party defendant's conduct was a direct or active cause of Melinda's injuries. This appeal by third-party plaintiffs ensued. In New York, a parent cannot be held secondarily liable for contribution to third parties for damages resulting from failing to supervise his or her child (*Holodook v Spencer,* 36 NY2d 35, 51). A parent may, however, be liable to a third party for negligently entrusting a "dangerous instrument" to his or her infant child, thereby breaching a duty owed to the third party to control the child's use of dangerous instruments to avoid harm to such third party (*Nolechek v Gesuale, supra*). The gist of third-party plaintiffs' argument is that third-party defendant is liable to them because, by letting Melinda hold the pizza in her lap, he negligently entrusted a dangerous instrument to her and failed to control her use of that instrument, thereby causing harm, in the form of potential tort liability (*id.,* at p 339), to third-party plaintiffs. This argument fails because we decline to characterize this pizza as a dangerous instrument under *Nolechek.* In *Nolechek,* the Court of Appeals indicated that objects such as "bicycles, lawn mowers, power tools, motorcycles, or automobiles * * * are, in some contingencies, 'dangerous instruments' " (*id.,* at p 338). A pizza is of a totally different character than those objects delineated. Furthermore, a review of cases decided since *Nolechek* shows, for example, that riding a skateboard (*Young v Dalidowicz,,* 92 AD2d 242) and playing on a seesaw (*Pietrzak v McGrath,* 85 AD2d 720) have been held not to constitute using a dangerous instrument. If these activities did not constitute using dangerous instruments, it is difficult to see how holding a pizza in a box on one's lap while riding in a car could constitute using a dangerous instrument (see, also, *Smith v Sapienza,* 73 AD2d 224, 228, affd 52 NY2d 82). A pizza may be many things, but, in this case, it is not a dangerous instrument under *Nolechek.* Likewise, we find without merit third-party plaintiffs' claim that third-party defendant could be liable for active or direct negligence because, as alleged in the third-party complaint, he "caused, permitted and allowed" Melinda to hold the pizza. This quoted language is almost identical to that alleged in *Young v Dalidowicz* (*supra,* p 243 [" 'causing, permitting and allowing' "]), which was decided under *Nolechek* as a negligent entrusting of a dangerous instrument case. Thus, the clear thrust of third-party plaintiffs' complaint is negligent entrusting of a dangerous instrument, not active or direct negligence. Moreover, the cases relied on by third-party plaintiffs do not require a different result. In *Lynch v Lynch* (88 AD2d 972), where the cursory memorandum states only that the allegation that the defendant's acts created the hazard leading to the infant plaintiff's injuries makes out a cause of action, the facts and the precise language of the

allegation are omitted, rendering comparison to the case at bar speculative. In *Hurst v Titus* (77 AD2d 157), although the mother's direct negligence in starting the fire was actionable, the mother's forgetting about and leaving her daughter, which constituted negligent supervision, was not actionable. Third-party defendant's acts in acquiescing to the placement of the pizza on Melinda's lap are more analogous to the mother's forgetting about and leaving her daughter than to the mother's direct negligence in starting the fire. Accordingly, third-party plaintiffs have no cause of action against third-party defendant for direct negligence and cannot hold him secondarily liable for negligent supervision (see *Holodook v Spencer, supra*). The third-party complaint was properly dismissed. Order affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.