■ MARIA T. WALDEN, an Infant, by JOSEPH A. WALDEN, Her Father, et al., Respondents, v RENSSELAER POLYTECHNIC INSTITUTE, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered April 2, 1985 in Rensselaer County, which granted plaintiffs' motion to dismiss a counterclaim in the amended answer for failure to state a cause of action.

In this action sounding in negligence and nuisance, the complaint alleges that the infant plaintiff sustained personal injuries when she fell on some broken glass while walking on land owned by defendant which abuts plaintiffs' premises. Plaintiffs, the infant and her father, derivatively, allege that defendant let glass and other debris accumulate on its property despite knowledge that children traveled over and played there. In its answer, defendant maintained that the child fell on land under the care and control of her father and that she and her friends created the dangerous and hazardous condition referred to in the complaint with the acquiescence, approval and consent of her parents; these assertions formed the basis of a counterclaim and a request for contribution or indemnification from the parents on the theory that the parents had negligently supervised their child.

On plaintiffs' motion, the counterclaim was dismissed with leave to defendant to replead "as to any allegations not based upon lack of supervision of the infant by her parents". Pursuant to that unappealed order, defendant served an amended answer containing a counterclaim asserting again that the parents had approved and consented to their daughter bring-

ing glass, metal scrap and other items onto the premises where the injury occurred, thereby creating or contributing to the dangerous condition which resulted in the injury, and further that the parents had failed or neglected to maintain or care for those premises. Plaintiffs' motion to strike this counterclaim on the ground that it, too, was predicated on negligent supervision was granted, this time without leave to replead. Defendant appeals.

Fully aware of the general rule announced in *Holodook v Spencer* (36 NY2d 35) that a child's recovery against a third party may not be diminished or barred by reason of negligent parental supervision *(supra,* at p 49), defendant claims to come within two recognized exceptions to this rule. The first exception involves a parent's liability for injuries to a child which are attributable to the breach of duties not stemming from the familial relationship *(see, Hurst v Titus,* 77 AD2d 157; *Goedkoop v Ward Pavement Corp.,* 51 AD2d 542). Insofar as defendant alleged that the father had dominion over or ownership of the property on which his daughter fell and breached a general duty to care for and maintain it, we are of a view that the counterclaim is maintainable. On the other hand, to the extent that the negligence defendant assigns to him is his knowing acquiescence in the creation of a dangerous condition by his daughter, that inactivity bespeaks not of any breach of a general duty independent of the familial relationship, but rather of the failure of the parent to properly supervise the child.

In this regard, the circumstances of this case are not unlike *Keohan v Di Paola* (97 AD2d 596), where the defendant believed that direct parental negligence was present because the father "caused, permitted and allowed" his daughter to hold the hot pizza which eventually burned her *(supra,* at p 597). This court, distinguishing the father's mere acquiescence in the placement of the pizza from the direct negligence found in *Hurst v Titus (supra),* concluded that the counterclaim sounded in negligent supervision and dismissed it. Parallel reasoning justifies characterizing defendant's averments that the father negligently acquiesced in his daughter's bringing broken glass upon defendant's property as a charge premised on the theory of negligent supervision, a theory for which there is no legally cognizable claim.

Nor does defendant meet the requirements of the other exception to *Holodook v Spencer* (36 NY2d 35, *supra),* that of negligent entrustment of a dangerous instrumentality, i.e., broken glass, to his daughter. While "entrusting" in the form

of permitting a child to use a dangerous instrumentality gives rise to parental liability *(see, e.g., Nolechek v Gesuale,* 46 NY2d 332; *Alessi v Alessi,* 103 AD2d 1023), the alleged parental inaction in this instance, namely, that of not undertaking to prevent the child from bringing glass upon defendant's property, is more akin to negligent supervision than entrustment.

As for defendant's other contentions, we find them far less compelling than those we have addressed.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion as to so much of the counterclaim as alleges that plaintiff Joseph A. Walden negligently maintained and cared for the subject property; motion denied as to that part of the counterclaim; and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.