Debra **BADER**, an infant by her father and natural guardian, Allan **BADER**, and Allan Bader, Plaintiffs,

v.

Robert **PURDOM** and Beverly Purdom, Defendants.

Robert **PURDOM** and Beverly Purdom, Third–Party Plaintiffs,

v.

Allan **BADER** and Fran Bader, Third–Party Defendants.

No. 84 CV 1317 (ERK).

United States District Court, E.D. New York.

March 27, 1987.

Lipsig, Sullivan & Liapakis, P.C., New York City, for plaintiffs.

Wilson, Elser, Edelman & Dicker, New York City, for defendants.

Rivkin Leff Sherman & Radler, Garden City, N.Y., for third-party defendants.

KORMAN, District Judge.

The principal cause of action brought by Allan Bader on behalf of his infant daughter arises out of an attack on Debra by a dog owned by Robert and Beverly Purdom. The incident occurred during a visit by the Baders to the Purdoms' home in Ontario, Canada. The Purdoms, in turn, filed a third-party complaint against Debra's parents, Allan Bader and Fran Bader, seeking indemnification and contribution for the Baders' negligence and negligent supervision of Debra.

The Baders initially moved to dismiss the third-party complaint. After finding that New York law was applicable to the claim for indemnification and contribution, Judge Bramwell held that the Baders could not be held liable if their conduct amounted to nothing more than negligent supervision of their child.[1] Judge Bramwell, however, sustained part of the third-party complaint as alleging a cause of action in negligence other than "negligent supervision."

The present motion by third-party defendants Allan and Fran Bader for summary judgment, after completion of discovery, is based on the premise that the only acts

alleged to have been committed by the Baders that could possibly form the basis for liability to their daughter sound in "negligent supervision." This argument is borne out by the undisputed evidence.

■ The basis for the Purdoms' remaining claim is Mrs. Bader's alleged placement of Debra into a confined space under the kitchen table with the Purdoms' dog—a dog that the Baders had allegedly been warned was not to be allowed into the house during mealtimes. Since this act, assuming that it occurred as alleged and assuming it was negligent, did not breach a duty owed to the world at large but only one owed to Debra, it falls under the rubric of "negligent supervision," which is not actionable in New York. *See Zikely v. Zikely*, 98 A.D.2d 815, 470 N.Y.S.2d 33 (2d Dept.1983) (mother's negligence in allowing child to climb into scalding bath not actionable); *cf. Hurst v. Titus*, 77 A.D.2d 157, 432 N.Y.S.2d 938 (4th Dept.1980) (mother's negligence in causing fire that injured child was actionable as a breach of duty owed to the world at large). The Purdoms' third-party complaint, therefore, must fail under New York law.

■ Although the Purdoms would be entitled to indemnity or contribution under Ontario law in the circumstance here, Ont. Rev.Stat. ch. 65 (1980), Judge Bramwell, as previously noted, held that New York law applies to the issue whether the Baders can be held liable for negligent supervision of their daughter. In an oral opinion on April 12, 1985, Judge Bramwell observed that (Tr. 5–6):

> New York employs the lex loci delecti rule which requires a court to follow the law of the jurisdiction where the wrong in question occurred. However, where there are "extraordinary circumstances," New York courts will apply a "grouping of contacts/governmental interests" text. And, such extraordinary circumstances exist where New York or another state exhibits a strong interest in applying its own law.

---

1. The case was originally assigned to Judge Bramwell and was reassigned to me on December 16, 1985.

In the case at Bar, it is clear that New York has a strong policy interest in barring negligent supervision of children suits brought against parents. This rule is in place for the purpose of fostering family cohesion, preventing collusion among family members, and encouraging parental autonomy.

Given New York's interest in barring supervision suits, the Court will have to apply New York Law and dismiss that part of the third-party complaint contrary to this ... [fore]going policy.

Judge Bramwell subsequently entered a formal written order on April 29, 1985, finding that "New York law applies to the third party action." The third-party defendants concede that the order constitutes the law of the case and they have not asked that it be reconsidered. *Memorandum of Law In Opposition to Third–Party Defendant's Motion for Summary Judgment,* at 9–11.

Accordingly, the motion for summary judgment is granted, and the third-party complaint is dismissed.