■ NORMAN WEINSTOCK, Respondent, v JENKIN CONTRACTING Co., INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. CITY OF NEW YORK, Third-Party Defendant-Respondent, et al., Third-Party Defendants.—In an action to recover damages for personal injuries, the defendant Jenkin Contracting Co., Inc. (hereinafter Jenkin) appeals from (1) so much of an order of the Supreme Court, Kings County (Clemente, J.), dated February 14, 1986, as, upon a jury verdict and a determination by the trial court that Jenkin was required to indemnify the City of New York, authorized the entry of a judgment against it in the principal sum of $392,500, and (2) so much of a judgment of the same court, dated May 5, 1986, as is in favor of the plaintiff against it in the principal sum of $392,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff-respondent and the third-party defendant-respondent are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The evidence at trial established that Jenkin was responsible for creating the dangerous corridor that was the site of the plaintiff's accident, insofar as it constructed a wall just 17 inches from battery brackets which protruded from an adjacent generator pad. Although the brackets presented a tripping hazard before the partition was built, the construction of the wall increased the hazard by significantly narrowing the passage and making it difficult, if not impossible, to avoid the bracket when passing by the pad. Thus, the jury's finding that Jenkin was negligent is supported by the evidence and it cannot be concluded that the verdict on the issue of liability was erroneous as a matter of law or against the weight of the

evidence *(see, Stein v Palisi,* 308 NY 293; *Weir v Slate,* 51 AD2d 665).

Similarly, the record clearly supports a finding that Jenkin's negligent erection of the wall was a proximate cause of the plaintiff's fall, even if other factors contributed to the accident *(see, Nahmias v Concourse 163rd St. Corp.,* 41 AD2d 719; *Glick v Barbara Lickver, Ltd.,* 39 AD2d 547), and there is no reason to disturb that finding on appeal. In affording to the jury's verdict the benefit of the most favorable inferences that may be reasonably drawn from the evidence, the finding of only 10% contributory negligence on the part of the plaintiff cannot be said to be against the weight of the credible evidence *(see, Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376; *Carter v Castle Elec. Contr. Co.,* 26 AD2d 83).

We further find that the trial court properly determined that Jenkin was contractually bound to indemnify the City of New York for its proportionate share of liability. Article 7 of the contract between the city and Jenkin unequivocally provides that if the persons or property of the city and of others sustain loss, damage or injury resulting from the negligence of Jenkin, that defendant would hold the city harmless for any and all claims and judgments for damages and for all costs and expenses to which the city might be subjected or suffer. Thus, once Jenkin's negligence was established, complete indemnity of the city was triggered by this contractual provision. It is well settled that such indemnification clauses are valid among parties to a construction contract *(see, Vey v Port Auth.,* 54 NY2d 221), even where substantial responsibility for the injury was found on the part of the municipal indemnitee *(Kelly v M. C. Elec. Co.,* 68 AD2d 657, *appeal dismissed* 48 NY2d 634), and the courts have consistently allowed indemnity in cases involving contractual provisions similar to that which is presented in the case at bar *(see, McGurk v Turner Constr. Co.,* 127 AD2d 526; *Rodriguez v Baker,* 91 AD2d 143, *affd* 61 NY2d 804). Moreover, there is no merit to Jenkin's argument that General Obligations Law § 15-108 operates to reduce the plaintiff's judgment against Jenkin by the city's 55% share of liability. Where the concern is with indemnity, General Obligations Law § 15-108 has no application and does not act as a bar to recovery *(see, McDermott v City of New York,* 50 NY2d 211, *rearg denied* 50 NY2d 1059; *Riviello v Waldron,* 47 NY2d 297). Essentially, General Obligations Law § 15-108 relieves a joint tort-feasor who has settled with the plaintiff from any future liability for contribution, but not for indemnity. The right to indemnity, as distinguished from

contribution, springs from a contract, express or implied, and full, not partial, reimbursement is sought *(see, County of Westchester v Becket Assocs.,* 102 AD2d 34, *appeal dismissed* 64 NY2d 734; *Gabri v County of Niagara,* 99 AD2d 650). Thus, insofar as the instant claim is clearly founded upon contractual indemnification, the trial court properly determined that there is no reason to be concerned with the jury's apportionment of the fault.

We have considered the appellant's remaining contentions, including those with respect to alleged errors in the court's charge, and find them to be without merit. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur. *[See,* 131 Misc 2d 369.]