■ MICHAEL E. LEN, Appellant, v CITY OF COHOES et al., Defendants, and ROBERT J. DARWAK et al., Respondents.— Kane, J. P. Appeal from an order and judgment of the Supreme Court (Hughes, J.), entered September 28, 1987 in Albany County, which granted a motion by defendants Robert J. Darwak and Mary Darwak for summary judgment dismissing the complaint and all cross claims against them.

Plaintiff commenced this negligence action due to injuries he suffered after an accident occurred while he was a passenger on a motorcycle being driven by defendant Gregory Darwak (hereinafter Darwak). At the time of the accident, Darwak was a minor. Also named as defendants in the suit were Darwak's parents, defendants Robert J. Darwak and Mary Darwak (hereinafter defendants). After defendants answered, they moved to, inter alia, dismiss plaintiff's complaint against them. The motion was granted and plaintiff has appealed.

In its decision, Supreme Court found as a matter of law that defendants did not own the motorcycle and that the only factual question posed by plaintiff was whether defendants may have known of Darwak's use of the cycle and whether they could have taken steps to prevent his use of the cycle. The court determined that this presented only a question of whether defendants were guilty of negligent supervision and since that cause of action was not cognizable at law, defendants were entitled to summary judgment in their favor. In New York an infant child has no cause of action against his parent for inadequate supervision (see, Holodook v Spencer, 36 NY2d 35, 48-51). A parent does, however, owe a duty to third parties to protect them from a child's "improvident use of a dangerous instrument, at least, and perhaps especially, when

the parent is aware of and capable of controlling its use" *(Nolechek v Gesuale,* 46 NY2d 332, 336).

Here, plaintiff contends that this is a case of negligent entrustment as opposed to negligent supervision and that a question of fact exists as to whether defendants negligently entrusted a dangerous instrument to a minor, resulting in injury to a third party. We disagree. Initially, it should be noted that even if a parent does not own the dangerous instrument, liability may still be imposed if the parent is found to have known of the child's possession and permitted its use *(see, e.g., Kuchlik v Feuer,* 239 App Div 338). However, while entrusting in the form of permitting a child to use a dangerous instrumentality may give rise to parental liability *(see, Walden v Rensselaer Polytechnic Inst.,* 116 AD2d 963, 964-965; *Keohan v Di Paola,* 97 AD2d 596, 597), in this case the question of whether defendants were aware of and capable of controlling Darwak's use of the cycle is, in our view, a question of negligent supervision and not entrustment *(see, Walden v Rensselaer Polytechnic Inst., supra,* at 965).

There was a total absence of any proof of defendants' entrusting the motorcycle to Darwak. In support of their motion for summary judgment, defendants denied having any knowledge that Darwak purchased a motorcycle. Darwak also stated that he had concealed the motorcycle from defendants. Furthermore, at the time of the accident, Darwak was not even living with defendants and had taken the motorcycle with him when he left defendants' home. On the basis of this evidence, defendants made a prima facie showing that they were not aware of or capable of controlling Darwak's use of the motorcycle and thus that they were entitled to summary judgment dismissing all claims against them. As a result, it was incumbent on plaintiff to come forward and present information in evidentiary form to create a triable issue of fact relative to defendants' connection with the motorcycle *(see, Gordon v Harris,* 86 AD2d 948, 949). This, plaintiff failed to do.

Plaintiff did not dispute defendants' assertion that, at the time of the accident, Darwak was no longer living with defendants. Plaintiff pointed to the father's statement that the father had once seen Darwak washing the cycle and had told him to get rid of it, as well as a statement by Darwak that his father had seen him washing the cycle a couple of times. Plaintiff also asserted that he had seen the cycle in defendants' driveway on several occasions. However, viewing the evidence in the light most favorable to plaintiff, the nonmov-

ing party *(see, Grivas v Grivas,* 113 AD2d 264, 269), and accepting plaintiff's assertions as true, plaintiff still established nothing beyond a question of negligent supervision. The alleged parental inaction in this case, namely, that of not undertaking to prevent Darwak from using the motorcycle, at most falls under the category of negligent supervision rather than negligent entrustment *(see, Walden v Rensselaer Polytechnic Inst.,* 116 AD2d 963, 965, *supra).* Supreme Court therefore property granted defendants' motion for summary judgment.

Order and judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.