*1007 OPINION OF THE COURT
John Copertino, J.
In this negligence action defendant South Haven School District No. 30 (District) moves for summary judgment pursuant to CPLR 3212.
The facts that give rise to this action are not complex. Codefendant Vanessa Bergen, an infant, was a kindergarten student at the South Haven School, one of the District’s elementary schools. On October 2, 1980, Vanessa left school with a project assigned by her teacher, Mrs. Paradise, which consisted of toothpicks glued on construction paper. She went directly to the plaintiffs’ home from school and arrived at approximately 3:00 p.m.
Devin Fuzie, the two-year-old infant plaintiff, her mother and Vanessa were sitting in the living room watching television. Plaintiff’s mother left them momentarily to go into the kitchen. She heard the plaintiff scream, and when she went back into the living room she found the plaintiff with a toothpick inserted in her ear.
The plaintiffs allege that Vanessa inserted the toothpick into Devin’s ear. The plaintiffs contend that defendant District owed the infant plaintiff a duty to exercise reasonable care, and that it breached this duty by failing to supervise the codefendant in the use of the toothpicks. Plaintiffs also contend that a toothpick is a dangerous instrument and, therefore, the school was negligent by entrusting it to its students, specifically codefendant Vanessa Bergen. In addition, plaintiffs allege that the school was negligent in hiring Mrs. Paradise, Vanessa Bergen’s teacher.
Because this is a motion for summary judgment the proof of the party opposing the application must be accepted as true and considered in a light most favorable to it (Museums at Stony Brook v Village of Patchogue Fire Dept., 146 AD2d 572). Accordingly, the court will assume that Mrs. Paradise distributed toothpicks to her students, that a project was made with them, and that she allowed her students to leave the school grounds with those projects. The court will also assume that on the day in question one of Mrs. Paradise’s students, Vanessa Bergen, went from school to the home of plaintiff Devin Fuzie and inserted one of the toothpicks she had received into plaintiff’s ear, causing injury.
Given these circumstances, this application presents three issues of law. The first is whether the defendant District owed *1008 any duty of care to a nonstudent injured by a student after school hours and off school grounds. The second is whether a claim of negligence against the District may lie because it entrusted a kindergarten student with a project that consisted of toothpicks. Finally, there is the question of whether the proof submitted can support a claim of negligent hiring.
A school has a duty towards their students to protect them from the negligence of a third party, but this duty is coextensive with physical custody of and control over the child (Pratt v Robinson, 39 NY2d 554). The duty arises from the fact that the school has deprived the child of the protection of his parents, and with physical custody comes a duty to exercise the same degree of care as a reasonably prudent parent (Lawes v Board of Educ., 16 NY2d 302). The school’s duty to its own charges ceases when the "child has passed out of the orbit of [the school’s] authority in such a way that the parent is perfectly free to reassume control over the child’s protection” (Pratt v Robinson, supra, at 560). However, the school’s duty also extends to those persons whose presence on the school grounds is foreseeable, even when school is not in session (Kush v City of Buffalo, 59 NY2d 26).
In the present case, the infant plaintiff was not under the physical custody of the defendant. In fact, she was not a student at all. Moreover, she was in her home under the supervision of her mother when the incident occurred, and therefore out of the orbit of the school’s authority. Under these circumstances, the court concludes that the District clearly did not owe the infant plaintiff a general duty to protect her from the acts of its student, defendant Vanessa Bergen.
However, this does not resolve the matter. A parent may be liable for injuries to third persons if he or she negligently entrusts a minor with a dangerous instrument (Nolechek v Gesuale, 46 NY2d 332) and the school stands in the role of a parent (Pratt v Robinson, supra). Whether the defendant was negligent in permitting kindergarten students to work on a class project which involved the use of toothpicks and to allow them to take such projects out of the school without further supervision turns on whether a toothpick may be considered a dangerous instrument. This question has been addressed to a variety of items not ordinarily cast in this role and may be decided by the court (Koehan v Di Paola, 97 AD2d 596 [hot pizza not a dangerous instrument]).
*1009 Dangerous instruments are those things which in their normal operation are implements of destruction (Cleary v Maris Co., 173 Misc 954), but certain instruments which are not inherently dangerous may become so in the hands of a child (Young v Dalidowicz, 92 AD2d 242). Where infants are involved an item may be considered dangerous even when its intended use occurs. A BB gun fired by a three year old (Masone v Gianotti, 54 AD2d 269) or a chainsaw operated by a 17 year old (Bucholtz v Grimmer, 50 AD2d 1062) constitute foreseeable dangers to third parties. However, riding a skateboard (Young v Dalidowicz, supra) and playing on a seesaw (Pietrzak v McGrath, 85 AD2d 720) are activities which do not change toys into dangerous instruments.
The court holds that a toothpick’s generally intended uses (personal dental hygiene, kitchen tool) are such that it cannot be considered a dangerous instrument. However, under Nolechek (supra) and its progeny an object such as a toothpick, not dangerous in itself, may be adjudged a dangerous instrument under certain factual circumstances. The key is foreseeability. In this case, was it foreseeable to Mrs. Paradise that Vanessa Bergen’s project would come apart (or be taken apart) and that the component toothpicks would then be handled by the child in such a way that injury to a third person could occur? Because no proof has been adduced tending to show that Vanessa Bergen was anything but an average kindergarten student, the question must be answered in the negative.
A toothpick is of a wholly different character than lawn mowers, BB guns and automobiles, which may be characterized as dangerous in the hands of an infant. To say that a toothpick was a dangerous instrument in the hands of Vanessa Bergen would mean that any number of objects commonly handled by kindergarten-age children would have to be judged dangerous. A sharpened pencil or a pen could cause serious injury if a child pokes another in the ear; so might a crayon if jabbed into an eye; a wire hanger, a ruler or paper clips may do damage if grossly mishandled. Such improper uses might be foreseeable upon some proof that a particular child where known to have had emotional difficulties, rendering misuse of a given instrument a real possibility, but as noted above no such proof is offered here. Indeed, the toothpicks at issue were not sent home loose, but were glued to construction paper. Under these circumstances, the intended use of the toothpicks did not create a foreseeable danger.
*1010 Accordingly, the court concludes that the District did not breach any duty of care to the public, including the infant plaintiff, when Mrs. Paradise allowed the toothpicks, glued on paper, to be taken home by her students. Vanessa Bergen’s alleged actions were unforeseeable as a matter of law and do not implicate the District.
This ruling moots the claim of negligent hiring, but the court notes that the claim would have failed in any event. To establish liability the plaintiff must prove, inter alla, that the employee who caused the injury was unfit for his or her employment (Annonio v Balzano, 72 NY2d 806). Absolutely no proof has been adduced or even suggested that Mrs. Paradise was unfit as a teacher. The mere fact that she used toothpicks in a project with her students clearly is inadequate to suggest unfitness, especially in view of the fact that she was implementing a concept learned during her Master’s degree training.
Finally, there is a sound policy reason for insulating schools from liability under circumstances such as these. If a teacher —especially those in the lower grades, as here — knew that he or she risked a lawsuit every time an essentially innocuous project was sent home, there very well might be a chilling effect both on innovative approaches to learning and the teacher’s attempt to involve the home in the child’s education. There are enough problems facing the schools without this kind of unnecessary burden.
The motion is granted.