CAROL GONGOLEWSKY, Respondent, v EMPIRE INSURANCE COMPANY, Appellant. [858 NYS2d 306]—

In an action to recover damages for breach of an insurance contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 2, 2007, as denied that branch of its motion which was for summary judgment dismissing the complaint and denied, as academic, that branch of its motion which was for leave to amend its answer.

Ordered that the order is modified, on the law, by deleting the provision thereof denying, as academic, that branch of the defendant's motion which was for leave to amend its answer and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendant.

The plaintiff's home allegedly was damaged when a water pipe burst in an upstairs bathroom. She made a claim under a homeowner's policy of insurance issued to her by the defendant Empire Insurance Company (hereinafter Empire). After the claim was denied, she commenced this action alleging that Empire breached the insurance policy. Empire moved for leave to amend its answer to allege that the plaintiff failed to file a timely proof of loss, despite due demand, as required by Insurance Law § 3407 (a), and for summary judgment dismissing the complaint based on that defense. The Supreme Court denied that branch of Empire's motion which was for summary judgment, finding that a due demand had not been made, and denied as academic that branch of Empire's motion which was for leave to amend its answer. We modify.

In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see Lucido v Mancuso*, 49 AD3d 220 [2008]; *G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95, 99 [2007]; CPLR 3025 [b]). Applying this standard, the Supreme Court improvidently exercised its discretion in denying that branch of Empire's motion which was for leave to amend its answer to assert a defense based on Insurance Law § 3407 (a). Further, this defense was not waived (*cf. Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201 [1984]; *Hedaya Home Fashions, Inc. v American Motorists Ins. Co.,* 12 AD3d 639 [2004]; *Yaccarino v St. Paul Fire & Mar. Ins. Co.,* 150 AD2d 771 [1989]).

However, Empire failed to demonstrate, prima facie, that a due demand for a proof of loss was made upon the plaintiff (*cf., Agora Intl. v Royal Ins. Co.,* 234 AD2d 489 [1996]). Rather, the letter by which the demand was made came from attorneys identifying themselves as counsel for "Allcity Insurance Company," which is apparently a legally distinct sister company to Empire. Nonetheless, the letter did properly identify the property and the policy number. Thus, neither party demonstrated its prima facie entitlement to judgment as a matter of law on the issue of whether Insurance Law § 3407 (a) was complied with (*cf., Darvick v General Acc. Ins. Co.,* 303 AD2d

540 [2003]; *DeRenzis v Allstate Ins. Co.,* 256 AD2d 303 [1998]; *Agora Intl. v Royal Ins. Co.,* 234 AD2d 489 [1996]).

The parties' remaining contentions are without merit. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.