■ HAROLD FINKELSTEIN et al., Appellants-Respondents, v LINCOLN NATIONAL CORPORATION et al., Defendants, and LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK et al., Respondents-Appellants. [967 NYS2d 733]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered October 14, 2011, as denied that branch of their motion which was pursuant to CPLR 3025 (b) for leave to amend their complaint to assert a third cause of action so as to allege that the defendant Lincoln Life & Annuity Company of New York violated Insurance Law § 4226, and the defendants Lincoln Life & Annuity Company of New York, Lincoln Financial Advisors Corp., Sagemark Consulting, and Siller & Cohen cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to assert a fourth cause of action so as to allege that Randy P. Siller violated Insurance Law § 2123.

Ordered that the cross appeal is dismissed, as the respondents-appellants are not aggrieved by the portion of the order cross-appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the plaintiffs' motion which was pursuant to CPLR 3025 (b) for leave to amend their complaint to assert a third cause of action so as to allege that the defendant Lincoln Life & Annuity Company of New York violated Insurance Law § 4226 is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

A person "is aggrieved when he or she asks for relief but that relief is denied in whole or in part [and] when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]). Here, the portion of the order cross-appealed from granted that branch of the plaintiffs' motion which was for leave to amend the complaint so as to add Randy P. Siller as a party defendant and assert a cause of action against

him alleging that he violated Insurance Law § 2123. Since that branch of the plaintiffs' motion did not seek relief against the defendants Lincoln Life & Annuity Company of New York (hereinafter LLACNY), Lincoln Financial Advisors Corp. (hereinafter Lincoln Financial), Sagemark Consulting (hereinafter Sagemark), or Siller & Cohen, those defendants are not aggrieved by the portion of the order cross-appealed from. Accordingly, their cross appeal must be dismissed.

The plaintiffs Harold Finkelstein and Marilyn Finkelstein (hereinafter together the Finkelsteins) created the H. Finkelstein Family Trust (hereinafter the Trust), of which their son, the plaintiff Ronald Finkelstein, is the trustee. The Trust and the Finkelsteins consulted with Lincoln Financial through the latter's agents, the defendants Siller & Cohen and Sagemark, to obtain advice about, inter alia, estate planning and the use of life insurance products to pay estate taxes. After consulting with these defendants, the plaintiffs, in January 2007, purchased a "second to die life insurance policy" issued by LLACNY. The plaintiffs paid the first $800,000 premium by January 28, 2007, and made their second $800,000 premium payment less than one year later. Thereafter, the plaintiffs cancelled the subject policy upon discovering that American General Life Insurance Company offered a similar second-to-die life insurance policy with a slightly reduced death benefit, but at a much lower price for the premium.

In March 2009, the plaintiffs commenced this action against, among others, LLACNY, Lincoln Financial, Sagemark, and Siller & Cohen, asserting causes of action sounding in breach of contract (first cause of action), breach of fiduciary duty (second cause of action), fraud (third cause of action), constructive fraud (fourth cause of action), and negligent misrepresentation (fifth cause of action). The plaintiffs alleged that the defendants induced them to purchase the subject life insurance policy by misrepresenting that policy to be the best means of achieving their estate planning goals.

Prior to answering, the defendants moved to dismiss the complaint. In an order dated November 18, 2009, the Supreme Court directed the dismissal of the complaint insofar as asserted against Lincoln National Corporation pursuant to CPLR 3211 (a) (8), and directed the dismissal of the third, fourth, and fifth causes of action in the initial complaint insofar as asserted against the remaining defendants pursuant to CPLR 3211 (a) (7).

Thereafter, the plaintiffs moved for leave to amend the complaint, inter alia, to assert a new third cause of action so as

to allege that LLACNY violated Insurance Law § 4226. The Supreme Court, among other things, denied that branch of the plaintiffs' motion which sought leave to add the proposed Insurance Law § 4226 cause of action against LLACNY.

"Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]), "unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *Gongolewsky v Empire Ins. Co.*, 51 AD3d 720, 721 [2008]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d 901, 902 [2009]; *see Ingrami v Rovner*, 45 AD3d 806, 808 [2007]).

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to amend their complaint to assert a cause of action alleging that LLACNY violated Insurance Law § 4226. Insurance Law § 4226 prohibits, inter alia, an insurer authorized to sell life insurance policies in this state from issuing or circulating illustrations, circulars, statements, or memoranda misrepresenting the terms, benefits, or advantages of any of its policies (*see* Insurance Law § 4226 [a] [1]). "Insurance Law § 4226 (a) (1) . . . reflects State policy that insurers deal fairly with their insureds and the public at large" (*Unibell Anesthesia v Guardian Life Ins. Co. of Am.*, 239 AD2d 248, 248 [1997]).

Here, the proposed new third cause of action was not palpably insufficient or patently devoid of merit since the plaintiffs alleged that LLACNY misrepresented the terms, benefits, or advantages of the subject policy by presenting the subject policy so as to make it appear to offer the most advantageous death benefit and premium structure out of all commercially available policies, by failing to disclose the existence of other policies that were more advantageous, and by using less desirable health and age assumptions in comparing, to the subject policy, the competing policies that it identified and disclosed. Further, LLACNY will not suffer any prejudice or surprise as a result of this amendment. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for leave to amend the complaint to assert the new third cause of action so as to allege that LLACNY violated Insurance Law § 4226.

The defendants' remaining contentions are without merit. Rivera, J.P., Leventhal, Austin and Miller, JJ., concur. ■