■ Luye Lui, et al., Plaintiffs, v Town of East Hampton et al., Defendants, John Ecker, Inc., et al., Respondents, and New York Central Mutual Fire Insurance Company, Appellant. [985 NYS2d 611]—

In an action, inter alia, to recover damages for injury to property, the defendant New York Central Mutual Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered June 7, 2012, as granted that branch of the cross motion of the defendants John Ecker, Inc., and John Ecker which was for leave to amend their answer to assert cross claims against it for contractual indemnification and for an award of an attorney's fee, and, in effect, denied that branch of its motion which was for summary judgment dismissing those defendants' cross claim against it for common-law indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the motion of the defendant New York Central Mutual Fire Insurance

Company which was for summary judgment dismissing the cross claim of the defendants John Ecker, Inc., and John Ecker against it for common-law indemnification, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see Gongolewsky v Empire Ins. Co.*, 51 AD3d 720, 721 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; CPLR 3025 [b]). Applying this standard, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants John Ecker, Inc., and John Ecker (hereinafter together the Ecker defendants) which was for leave to amend their answer to add cross claims against the defendant New York Central Mutual Fire Insurance Company (hereinafter New York Central) for contractual indemnification and an award of an attorney's fee. While General Obligations Law § 15-108 provides that where, as here, one alleged tortfeasor has obtained a release in good faith from the plaintiffs, that defendant is relieved from liability to any other party for contribution (*see* General Obligations Law § 15-108), the law does not preclude claims based on indemnification (*see Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646 [1988]). Thus, under the facts of this case, the Ecker defendants' proposed cross claim against New York Central for contractual indemnification was not palpably insufficient or patently devoid of merit (*see Lucido v Mancuso*, 49 AD3d at 222; CPLR 3025 [b]; *see also Weinstock v Jenkin Contr. Co.*, 134 AD2d 254 [1987]; *Gibbs-Alfano v Burton*, 281 F3d 12 [2002]). Moreover, since New York Central was on notice that the Ecker defendants sought indemnity, it was not prejudiced by any delay (*see* CPLR 3025 [b]).

Likewise, the proposed cross claim of the Ecker defendants for an award of an attorney's fee against New York Central, based upon their alleged contract with New York Central, was not palpably insufficient or patently devoid of merit (*see Lucido v Mancuso*, 49 AD3d at 222). In light of the fact that New York Central was a party to the alleged contract provision allowing the Ecker defendants to obtain attorney's fees if they prevailed, New York Central was on notice of that contract term, and it was not prejudiced by any delay (*see* CPLR 3025 [b]).

However, the Supreme Court erred in, in effect, denying that branch of New York Central's motion which was for summary judgment dismissing the Ecker defendants' cross claim that

purported to be for common-law indemnification, but which also sought contribution. In the order appealed from, the Supreme Court granted that branch of New York Central's motion which was for summary judgment dismissing the Ecker defendants' cross claim against it to the extent that the cross claim sought contribution, upon concluding that contribution was barred, inter alia, by General Obligations Law § 15-108 (b) after New York Central had settled with, and been released from liability to, the plaintiffs. To the extent that the cross claim also sought common-law indemnification against New York Central, summary judgment should have been awarded to New York Central dismissing that portion of the cross claim as well. New York Central met its burden of demonstrating its prima facie entitlement to judgment as a matter of law by establishing that the Ecker defendants were precluded from obtaining common-law indemnification from New York Central, as any potential liability of the Ecker defendants to the plaintiffs would arise from their own alleged wrongdoing. Thus, New York Central demonstrated that the Ecker defendants cannot obtain common-law indemnification from it (*see Rosado v Proctor & Schwartz*, 66 NY2d 21 [1985]; *Bleecker St. Health & Beauty Aids, Inc. v Granite State Ins. Co.*, 38 AD3d 231 [2007]). In response, the Ecker defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The parties' remaining arguments either are without merit or need not be addressed in light of our determination. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur.