■ KRISTEN LOFREDDO, an Infant, by Her Mother and Natural Guardian, PHYLLIS LOFREDDO, Plaintiff, and PHYLLIS LOFREDDO, Individually, Appellant, v TOWN OF BROOKHAVEN, Respondent. — In a negligence action, *inter alia,* to recover damages for personal injuries sustained by the infant plaintiff, the plaintiff mother appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), dated June 16, 1981, which denied her motion pursuant to CPLR 3211 (subd [a], par 7) for an order dismissing the counterclaim asserted against her. Order affirmed, with $50 costs and disbursements. The defendant's counterclaim seeks contribution based upon the plaintiff parent's negligence in permitting the infant plaintiff to play with and upon a "dangerous instrumentality as alleged in the complaint", namely, a seesaw. The question, therefore, is whether the counterclaim alleges a cause of action within the purview of *Nolechek v Gesuale,* (46 NY2d 332). The record fails to disclose any facts which describe the seesaw as a dangerous instrumentality, the age of infant plaintiff, possible physical or mental disability of the infant plaintiff, any prior experience or expertise with respect to the use of the seesaw, and the manner in which the accident occurred. Although this type of recreational device may not be, per se, a dangerous instrument, *Nolechek v Gesuale (supra)* is applicable to such devices which, under the circumstances, may become dangerous instruments. Appellant has pleaded in the complaint that the device is a dangerous instrumentality and, accordingly, the motion to dismiss the counterclaim pursuant to CPLR 3211 (subd [a], par 7) was properly denied (cf. *Pietrzak v McGrath,* 85 AD2d 720). Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.