OPINION OF THE COURT
Lawrence E. Kahn, J.
Plaintiff, Cindy Brammer, moves for an order pursuant to CPLR 3211 and/or 3212 dismissing the counterclaim for indemnification asserted by Ralph B. Hartman, Sr., and Anne Hartman (defendants). The action seeks to recover money damages for personal injuries alleged to have been sustained by the then one-year-old infant plaintiff, while he was riding a child’s Smurfmobile (tricycle) on the sidewalk adjacent to 817 Fourth Avenue in the City of Watervliet.
Counsel’s affidavit in opposition to the motion asserts that liability may be premised upon the entrustment of a dangerous instrumentality to the infant plaintiff, pursuant to the rationale of Nolechek v Gesuale (46 NY2d 332). It is well settled that in this State, “a parent cannot be held secondarily liable for contribution to third parties for damages resulting from failing to supervise his or her child (Holodook v Spencer, 36 NY2d 35, 51). A parent may, however, be liable to a third party for negligently entrusting a ‘dangerous instrument’ to his or her infant child, thereby breaching a duty owed to the third party to control the child’s use of dangerous instruments to avoid harm to such third party”. (Keohan v Di Paola, 97 AD2d 596, 597.) The court in Nolechek (p 338), wrote that bicycles, “in some contingencies” may be dangerous instruments. While certain things may be dangerous instrumentalities per se, other devices may or may not be so defined, depending upon the facts and circumstances of the particular events giving rise to injury.
*136 Defendants urge that Nolechek (supra) supports the contention that anything given to a child can fall within the “dangerous instrumentality” theory. Carrying this to its logical conclusion, a child’s Smurfmobile becomes a dangerous instrumentality when it tips over on an uneven sidewalk. This argument is a faulty interpretation of the Court of Appeals rationale in Nolechek. The court did note that any item, including a “pencil”, could become a “dangerous instrument” depending on the circumstances of its use. However, it would be a flaw in logic to propel this observation into a holding that anything used by a child automatically falls within the “dangerous instrumentality” theory. The Court of Appeals in Nolechek did not hold that pencils, bicycles and Smurfmobiles are dangerous instrumentalities. They merely held that such items could well become “dangerous instruments” under certain factual circumstances. The negligent entrustment and the foreseeable intended use must first be considered before we reach a conclusion as to what constitutes a “dangerous instrument”. Thus, in determining liability, one does not first determine if the item or instrument in question is a “dangerous instrument”. That will be the conclusion reached only after first resolving whether or not parents negligently entrusted the item to their child.
In essence then, the Court of Appeals has held that any item or instrument may become dangerous when its intended use may foreseeably constitute a danger to its infant user or to others. And parents may be held liable for injuries which result from negligently or unreasonably entrusting to their child an instrument or item which may constitute a foreseeable danger. It would be an issue of fact for the jury whether or not they were negligent in so entrusting said item or instrument to their child. The duty exists. And only by answering the factual issue of whether or not the parents were negligent in so entrusting such item to the infant plaintiff can we conclude that the instrument was dangerous.
Using that standard, as enunciated in Nolechek (supra), it becomes clear that plaintiff’s entrusting of a plastic Smurfmobile toy to infant plaintiff did not create a foreseeable danger. Nor did it constitute unreasonable or negligent conduct on the part of plaintiff toward her infant plaintiff, which would create an issue of fact. The Smurfmobile is not a dangerous instrument in this particular factual setting, as a matter of law, because there are no facts alleged to show negligent entrustment of the item with the infant plaintiff, nor are there any facts alleged to *137 show that its foreseeable use in any way constituted a danger to others or to infant plaintiff herself.
Accordingly, the motion for summary judgment dismissing the counterclaim shall be granted.