■ DANNY CRAFT, an Infant, by His Mother, BARBARA A. SULLIVAN, et al., Respondents, v MID ISLAND DEPARTMENT STORES, INC., et al., Appellants.—In an action to recover damages for personal injuries, etc., defendant Robert Bask appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated March 26, 1984, which denied his motion for summary judgment, and defendants Sale Knitting Company Inc., Tultex Corporation, Mid Island Department Stores, Inc., and Bobby Bask, an infant by his father Robert Bask, and Robert Bask individually, appeal from an order of the same court, dated July 30, 1984, which denied their motion and cross motions for summary judgment.

Orders affirmed, with one bill of costs payable by appellants appearing separately and filing separate briefs.

The infant plaintiff was severely burned when he and infant defendant Bobby Bask took gasoline from the Bask garage to a playhouse on the Bask property and proceeded to pour pools of gasoline on a board and light them with matches. Bobby Bask was pouring the gasoline but it is unclear who was lighting the gasoline. The fire flashed back into the bottle, and Bobby threw the bottle past Danny. As the bottle passed Danny, he caught fire. Danny Craft, through his mother Barbara Sullivan, and Barbara Sullivan individually, brought separate suits against the infant Bobby Bask and his father Robert Bask, Mid Island Department Stores, Inc., the retailer of the sweatshirt Danny was wearing, and Sale Knitting Company, Inc., and Tultex Corporation, the distributor and manufacturer of the sweatshirt. These actions were consolidated.

After several examinations before trial, in January 1984 the

defendant Robert Bask moved for summary judgment, alleging that the gasoline was taken without his knowledge, and that he had no knowledge of his son's propensity to play with or throw gasoline. Thereafter, defendants Sale Knitting Company, Inc., and Tultex Corporation, moved for summary judgment alleging that the conduct of the plaintiff Danny Craft was such that he should be precluded from utilizing the courts for his recovery. Codefendants Mid Island Department Stores, Inc., Robert Bask, and Bobby Bask also cross-moved for summary judgment. Special Term denied the motion and cross motions.

Defendant Robert Bask's motion for summary judgment was properly denied. There exist triable issues as to Robert Bask's liability growing out of his status as a landowner. The standard of care applicable to occupiers of land is that of reasonable care under the circumstances, whereby foreseeability is the measure of liability (*Basso v Miller,* 40 NY2d 233). The age of the infant plaintiff, the natural propensity of children not to apprehend danger, and the highly volatile nature of gasoline are all factors to be considered by the trier of fact in determining liability (*Zaepfel v City of Yonkers,* 56 AD2d 867; *Patterson v Proctor Paint & Varnish Co.,* 21 NY2d 447). The weighing of these factors is one for the trier of fact which precludes the granting of summary judgment.

Defendant Robert Bask may also be liable as a parent, under the theory that a parent is liable for the injury to a third party caused by his child using a dangerous instrument where the parent was aware of and capable of controlling the use of such instrument (*Nolechek v Gesuale,* 46 NY2d 332). The determination of whether gasoline is a dangerous instrument involves a flexible standard dealing with several factors including the nature of the instrument, as well as the age and experience of the child (*Young v Dalidowicz,* 92 AD2d 242; *Nolechek v Gesuale, supra,* p 338), and as such is a question for the trier of fact. Defendant Robert Bask's reliance on cases holding that gasoline is not an inherently dangerous material (*Flaherty v Metro Stas.,* 202 App Div 583, *affd* 235 NY 605; *Morse v Buffalo Tank Corp.,* 280 NY 110) is misplaced. These cases, which deal with liability of an occupier of land for gasoline stored on his premises, are no longer controlling in that area of law (*Patterson v Proctor Paint & Varnish Co.,* 21 NY2d 447, *supra*). Further, these cases do not deal with the liability of a parent for his child's use of a dangerous instrument. In the instant case, the question of whether gasoline is

a dangerous instrument should be determined by the more flexible *Nolechek* standard.

Plaintiffs also present triable issues of fact as to defendant Robert Bask's control of the gasoline and his awareness of the infant parties' use of the gasoline. Robert Bask placed the gasoline in the garage after he had siphoned it from his car, and there are indications that the boys were permitted to use gasoline for other purposes.

The argument that the infant plaintiff's conduct precludes relief was also properly rejected. Reliance on *Barker v Kallash* (63 NY2d 19) is misplaced. The *Barker* case held that the courts will not entertain a suit for a plaintiff's injuries if the plaintiff's conduct constituted a serious violation of the law and his injuries were the direct result of that violation (*Barker v Kallash, supra,* p 24). The Court of Appeals noted that there must be serious criminal or illegal conduct (*Barker v Kallash, supra,* p 26). Here none of the defendants point to any penal statute applicable to the use of gasoline. In any event, the Court of Appeals has permitted plaintiffs to bring suit where they might have been guilty of minor criminal offenses (*Humphrey v State of New York,* 60 NY2d 742 [drunken driving]; *Scurti v City of New York,* 40 NY2d 433 [trespass]). The activity of the infant plaintiff is not such a serious violation of law, or so criminal in nature as to invoke the *Barker* doctrine.

It is also asserted that the flammability of the sweatshirt was not the proximate cause of the infant plaintiff's injuries, and thus the products liability cause of action should be dismissed. Proximate cause serves a different role in products liability cases than in ordinary negligence actions (*Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 110). The Court of Appeals in *Voss* held proximate cause in the context of strict products liability for design defects to mean that "after weighing the various factors and concluding that the design was defective the jury has decided that the defect was a substantial factor in causing plaintiff's injury" (*Voss v Black & Decker Mfg. Co., supra,* pp 109-110). Hence the proximate cause issue is one for the jury and summary judgment at this point is inappropriate. Defendants' allegation that because the infant plaintiff misused or mishandled the sweatshirt by exposing it to fire, he should be precluded from recovery, is without merit. If the product was defectively designed, the misuse or mishandling in a manner unintended but reasonably foreseeable by the maker would not preclude recovery (*Sheppard v Smith Well Drilling & Water Sys.,* 93 AD2d 474; *Voss v Black &*

*Decker Mfg. Co.,* 59 NY2d 102, 110, n, *supra*), but would be relevant to the issue of comparative fault. Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.