OPINION OF THE COURT
Daniel H. Prior, Jr., J.
The parties move and cross-move for summary judgment on the issue of liability. The first part of defendant’s motion is that plaintiff has failed to allege a recognizable cause of action.
The claim is alleged as follows: defendant parent negligently *888 entrusted a dangerous instrument (a gas grill) to her minor son (14 years of age), in the immediate presence of herself and a third party (plaintiffs), resulting in improvident use and in an imminently imperiling situation requiring an emergency rescue of the minor from grave harm and that the plaintiff rescuer was injured during and as a result of the rescue.
Defendant argues that because she had no legal duty to safeguard her son and her son would have no legal claim against her (both because of the parent-child relationship) (see, Nolechek v Gesuale, 46 NY2d 332), plaintiff has no legal claim because a rescuer claim necessarily depends upon a breach of duty from defendant to the imperiled.
The court refers to Nolechek (supra, at 332). The duty involved in the above-described situation runs to third parties such as defendant. The cause of action here is not child against parent. The duty to protect third parties runs to harm (Nolechek v Gesuale, supra, at 336) and the harm need not be direct (Nolechek v Gesuale, supra, at 339).
DANGER INVITES RESCUE
The wrong that imperils life is a wrong to the imperiled victim and it is a wrong to his rescue. (Guarino v Mine Safety Appliance Co., 25 NY2d 460, 464; see also, Provenzo v Sam, 23 NY2d 256, 260.)
The court traces the history of the rescue doctrine in New York which is longstanding. (Eckert v Long Is. R. R. Co., 43 NY 502; Gibney v State of New York, 137 NY 1; Wagner v International Ry., 232 NY 176.) An analysis of the doctrine fails to suggest that the rescuers’ rights are dependent upon the imperiled’s legal rights of recovery.
The theory expressed by defendant that an injured rescuer cannot recover if the rescued has no right of recovery as a result of damages relative to the danger so imperiled has been expressly rejected. (See, Carney v Buyea, 271 App Div 338, 344; Talbert v Talbert, 22 Misc 2d 782; Annotation, Rescue Doctrine-Negligence, 4 ALR3d 558; Restatement [Second] of Torts § 445.) Defendant’s duty runs to the rescuer.
The duty flowing to third parties as a result of a parent’s negligent entrustment of a dangerous instrumentality to a minor who improvidently uses same flows to rescuers as equally as it did to the defendants in Nolechek (supra) or to a plaintiff directly injured by the said use without a rescue situation.
*889 This court finds as a matter of law that a valid cause of action is alleged as set forth in paragraph 2 above.
Defendant’s remaining argument goes to the facts. Defendant argues that her acts were negligent supervision and not an entrustment as it relates to the grill, and that the gas grill is not a dangerous instrument. The facts of the occurrence are not in dispute.
The court finds the following facts:
1. Defendant had invited the plaintiff to her home. While there, the parties decided to have a cookout.
2. The occurrence happened at 122 Hill Street, Troy, New York.
3. Defendant brought out a new gas grill — the operation of which had been tried once during the approximately two weeks defendant and her husband owned it. Defendant and her son had not operated the gas grill.
4. Plaintiff cautioned defendant and her son against using the gas grill.
5. Defendant, unfamiliar with its operation, attempted to ignite the gas grill, without success.
6. After defendant’s unsuccessful attempt, and despite a yelled warning from plaintiff and defendant’s knowledge that her son was unfamiliar with the grill, defendant let her son attempt to ignite the grill, and defendant walked away because she was afraid something would happen.
7. The defendant’s son was attempting to light the grill with the flicking of a cigarette lighter.
8. Plaintiff, some 10.to 15 feet away, could smell gas while the defendant’s son was flicking the cigarette lighter.
9. The gas grill suddenly engulfed with flame, with flames shooting out and threatening defendant’s son, if not engulfing him.
10. Plaintiff leaped to the rescue, picking up defendant’s son, pushing him away from the flames, and knocking him to the ground and safety.
11. In the process of and during the rescue, plaintiff suffered injury to his left leg and knee — the injuries subject to this action.
Upon these facts, defendant seeks to have the court make several conclusions, i.e., (1) that the infant’s use of the gas grill was due to defendant’s negligent supervision, as com *890 pared to negligent entrustment, and (2) that the gas grill is not a dangerous instrument.
Clearly, an affirmative permitting of the child to attempt to fire up the grill is an entrustment. Defendant’s counsel categorizes defendant’s conduct as mere acquiescence, at most, and then argues that same is failure to supervise rather than an entrustment.
In analyzing the situation, a review of Nolechek (supra, at 338), the Court of Appeals states: "By contrast, it is well-established law that a parent owes a duty to third parties to shield them from an infant child’s improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use”. The court continues (supra, at 339): "This is not because parents are obliged to raise their children in any particular way; it is because however the children are raised, there must be respect for the hazards created for third parties. Parents are permitted to delegate to their children the decision to participate in dangerous activities, but they are not absolved from liability for harm incurred by third parties when the parents as adults unreasonably, with respect to such third parties, permit their children to use dangerous instruments.” The court further states (supra, at 339): "Analytically separate, well established, and key to this case is the duty owed by parents to third parties to control their children’s use of dangerous instruments to avoid harm to third parties”.
This court determines that knowing acquiescence is entrustment. (Acquaviva v Piazzolla, 100 AD2d 502.) The duty to third parties is to shield and control the use, especially where the parent, as is the case here, is aware of the use, and is present and capable of control.
Defendant describes the situation as follows:
"I got out the gas grill with which I was unfamiliar, I tried to get it lit but couldn’t. My fourteen year old son Joey came over to help although John yelled at Joey to get away, I let Joey go ahead and try even though I knew he was unfamiliar with it.
"I walked away because I was afraid something might happen. I heard a loud whoosh and turned around to see a ball of fire engulf the grill and Joey.”
"Let” may imply positive consent or mean passive consent with the offering of no or little opposition or resistance. Defendant’s interpretation of her act is as her having "merely *891 acquiesced”. Acquiesce means to agree or consent quietly without enthusiasm.
This court finds that defendant’s act or nonact was an entrustment.
Defendant also argues that a two-week-old gas grill is not a dangerous instrument.
The factors in what is a "dangerous” instrument and the "negligent” entrustment thereof are interrelated and relate to the nature, complexity, and size of the instrument and the age (and discretion) and proficiency of the infant utilizing it, as well as the dangers and risks involved, particularly to third parties with improvident use. (See, Nolechek v Gesuale, supra, at 337.)
A gun is a dangerous instrument, but its entrustment might not be negligent. (See, Conley v Long, 21 Misc 2d 759; but see, Masone v Gianotti, 54 AD2d 269; Lichtenthal v Gawoski, 44 AD2d 771.) Distinctions relate to age and discretion, propensities and proper instructions.
In this action, the instrument is a propane gas grill. This court takes notice of the generally dangerous propensities of propane gas and its use, and, as well as the failure of the parties to submit evidentiary fact as to the danger generally and in relation to ignition, particularly. No proof has been submitted as to the proper ignition methods (as compared to turning on the gas and flicking a cigarette lighter) and any warnings and instructions on the grill as to same.
It is clear that defendant — a (presumably reasonably careful and intelligent) normal adult, was unable to ignite the grill. While maybe an emotional overreaction — even three years after the accident, the grill while used by defendant’s husband, was not used by defendant or the infant.
There has been no factual showing that the gas grill was properly assembled and maintained during the two weeks prior to the accident. The fact that it was new, modern and commercially produced carries no presumptions. The situation is the same for guns, knives, and, until recently, three-wheeled all-terrain-recreation vehicles.
Defendant argues, but submits no proof, that the 14 year old was a normally, intelligent and cautious boy. The court only assumes that the boy was normal and average.
This court finds, as a matter of law, that the subject gas grill was and is a dangerous instrumentality.
The court further finds that defendant’s permitting of the *892 14-year-old infant son to attempt to fire up the gas grill which she, as a normal adult, was unable to ignite, and when she knew the boy was unfamiliar, uninstructed and inexperienced with the device, in light of the involvement of bottled gas, in face of plaintiffs shouted warnings and her own self-acknowledged fear "that something might happen” causing her to vacate the immediate vicinity of the grill, the presence of third parties to whom she owed a duty relative to the infant’s use of the grill and defendant’s presence and control of the grill and infant was a negligent entrustment of the gas grill.
The contributing and comparative negligence of the plaintiff does not apply to the situation unless, in terms of extreme (i.e., recklessness, wanton, gross) and such extremes are found not to have occurred (their existence has not been advanced). The injury in the course of the rescue attempt need not be immediately the same cause of hazard threatening the imperiled. (Wagner v International Ry., 232 NY 176, supra.)
The court grants summary judgment to plaintiffs on the first cause of action and to plaintiffs on the third cause of action to the degree it relates to the first cause of action (additional elements on liability on the third cause of action remain to be proved).
As to the actual condition of the gas grill, the court can only find the following: it was two weeks old, its operation had been tried once, that defendant was not aware of any difficulties with its prior use by another individual, and that the grill was not deteriorated. However, upon a lack of evidence, the court cannot determine whether the grill was assembled correctly. While the court could assume that a newly and correctly assembled grill would need no maintenance, it could also conclude that an improperly assembled grill would require corrective maintenance to make it safe and proper. The court has no knowledge relative to the specifics of the grill or its ignition system. However, the turning on of the propane and flicking of a cigarette lighter to ignite same does not suggest a correct approach, as propane is usually ignited very close to where it comes in contact with air and on gas grills, that location is usually down under the lava rocks. Same is usually done with an attached ignition system, a special sparker which can be inserted, or a very long match.
Faced with the limited proof submitted by defendant, the used method of ignition, and the fact of explosion, this court does not have sufficient facts to make a finding that the grill *893 was in correct order. While plaintiffs have a burden in opposition to a summary judgment motion (see, Hasbrouck v Gloversville, 102 AD2d 905), the movant must make a factual and evidentiary prima facie showing in the first instance.
Accordingly, relief relating to the second cause of action is denied.
The motion is denied and the cross motion is granted, as limited above.