■ JOHN BOTTILLO et al., Respondents, v ROSE POETTE, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered May 10, 1988 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for partial summary judgment on the issue of liability.

Plaintiff John Bottillo (hereinafter plaintiff)* was visiting defendant, his sister, at her home on June 30, 1984 when the parties decided to have a cookout. Defendant brought out a recently purchased gas grill which her husband, who was not present at the time, had previously operated, apparently without incident, but with which she was unfamiliar. After defendant was unsuccessful in attempting to light the grill, her 14-year-old son, Joey, offered to do so, explaining that he had watched his father and knew how to use the grill. Defendant acknowledged in a sworn statement that she "let Joey go ahead and try even though [she] knew he was unfamiliar with it" and "walked away because [she] was afraid something might happen". Plaintiff, when he purportedly smelled gas, warned Joey, who was trying to light the grill with a cigarette lighter, to leave it alone. Immediately thereafter, there was "a loud whoosh" and a ball of fire engulfed the grill and the boy. Plaintiff rushed to the boy's rescue and, in the course of either picking him up or knocking him away from the grill, plaintiff injured his left knee.

Plaintiff commenced this action asserting that defendant was liable either for having negligently entrusted a dangerous instrument to her infant son which resulted in a danger that invited rescue or for negligent care and maintenance of the gas grill. Following limited discovery, defendant moved for summary judgment and plaintiff cross-moved for summary judgment on the issue of liability. Supreme Court denied defendant's motion and granted plaintiff's cross motion to the extent that his and his wife's derivative claim are based upon the negligent entrustment cause of action. Defendant appeals.

---

* Plaintiff's wife asserts a derivative claim, but for convenience reference will be made to plaintiff alone.

It is defendant's contention that the "[d]anger invites rescue" doctrine *(Wagner v International Ry. Co.,* 232 NY 176, 180) only applies when a defendant has acted culpably with respect to the imperiled *(Provenzo v Sam,* 23 NY2d 256, 260) and that because parents are not liable to their children for failure to supervise or negligent entrustment *(Holodook v Spencer,* 36 NY2d 35, 45-51), defendant here has not acted culpably and, therefore, the rescue doctrine is inapplicable. We are unpersuaded. The principle that a child may not sue his parents for failure to supervise or for negligent entrustment springs from policy considerations involving family relationships and the danger of fraud and collusion within the family unit *(supra,* at 46-47), not from the parent's lack of culpability. These policy considerations in no way inhibit a third party from recovering for damage caused by a parent's negligent entrustment *(Nolechek v Gesuale,* 46 NY2d 332, 339). Furthermore, the imperiled's inability to sue the defendant does not abrogate the rescue doctrine *(see, Carney v Buyea,* 271 App Div 338, 344, *lv denied* 296 NY 1056). Accordingly, plaintiff has stated a cognizable negligent entrustment cause of action against defendant.

On the other hand, material factual issues remain that prevent the granting of partial summary judgment to plaintiff; chief among these is one of causation. There is no proof as to the proper method of lighting the grill in question and hence no proof that the child did anything wrong—it may have been a defect in the grill that caused the explosion. Nor has the record been developed sufficiently to enable us to conclude as a matter of law whether defendant acted negligently in entrusting this particular grill to the child. Such a determination depends upon the nature and complexity of the allegedly dangerous instrument, the age, intelligence and experience of the child, and his proficiency with the instrument *(Craft v Mid Is. Dept. Stores,* 112 AD2d 969, 970-971; *Alessi v Alessi,* 103 AD2d 1023, 1024). Other than the child's age, these factors are only hinted at in the record and are best left for resolution by the trier of fact *(see, Craft v Mid Is. Dept. Stores, supra,* at 971).

Order modified, on the law, without costs, by reversing so much thereof as granted the cross motion for partial summary judgment; cross motion denied; and, as so modified, affirmed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur. *[See,* 140 Misc 2d 887.]