■ JOSEPHINE SANTALUCIA et al., Respondents, v COUNTY OF BROOME, Defendant, and THOMAS HRANEK et al., Appellants. [613 NYS2d 774] —Cardona, P. J. Appeal from an order of the Supreme Court (Monserrate, J.), entered November 24, 1993 in Broome County, which denied a motion by defendants Thomas Hranek and Jan Hranek for summary judgment dismissing the complaint against them.

On May 25, 1992 plaintiff Josephine Santalucia (hereinafter plaintiff), while walking on a path at Otsiningo Park, owned and operated by defendant County of Broome, was struck and injured by a 16-inch bicycle ridden by five-year-old Aaron Hranek. At the time of the accident, plaintiff was just finishing her second trip around the path which she knew, from her first revolution, was used for different purposes, including skateboarding, skating and bicycling. On her second revolution plaintiff noticed that the condition of the path had become more congested with people. She was walking briskly and passing other walkers. When she was struck by the bicycle and as she was falling, she observed a little boy with a helmet falling. While she was on the ground, plaintiff observed a lady with two, big heavy dogs on a leash, near the accident site. Aaron was one of five people on a family outing riding separate bicycles. The group included both of Aaron's parents, defendants Thomas Hranek and Jan Hranek (hereinafter collectively referred to as defendants), his eight-year-old brother, Joey, and a neighborhood friend, eight-year-old Matthew.

Before starting out, Thomas Hranek gave specific instructions as to the order in which they would ride, to watch out for people and stay clear of dogs. Once on the path, Thomas Hranek took the lead, followed by either Joey or Matthew, then Aaron and then his mother. Immediately after the collision, Aaron told his father that he was distracted and afraid of three large dogs near the path and that he was paying attention to the dogs as he went around the group of people. He then looked up and saw plaintiff, however it was too late to actually stop. Aaron's bicycle had been given to

him when he was three years old. Initially, it had training wheels; however, they were removed at the end of the previous summer. Other than crashes and falls as he learned to ride, Aaron never had any prior accidents with his bike. In his father's opinion, on the day of the accident Aaron possessed basic skills like any youngster and was good at riding his bike.

Following the accident, plaintiff commenced a personal injury action[1] against the County[2] and defendants, individually and as the parents and natural guardians of their son. The complaint alleged, *inter alia,* that Aaron negligently rode his bike and defendants negligently supervised their son by entrusting to him a dangerous instrument, his bicycle. Following discovery, which included examinations before trial of defendants and plaintiff, defendants moved pursuant to CPLR 3212 for summary judgment dismissing the complaint against them individually. Supreme Court, reasoning that it was up to a jury to determine whether, under the attendant circumstances, the bicycle was a "dangerous instrument", denied the motion. Defendants appeal.

Parents are not liable for the negligent supervision of their children *(see, Holodook v Spencer,* 36 NY2d 35); however, there is an exception to this rule. "[I]t is well-established law that a parent owes a duty to third parties to shield them from an infant child's improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use" *(Nolechek v Gesuale,* 46 NY2d 332, 338). "Children might, at various points in their development, be permitted, and properly so, to use bicycles, lawn mowers, power tools, motorcycles, or automobiles, all of which are, in some contingencies, 'dangerous instruments' " *(supra,* at 338). Thus, the determination of whether a particular instrument is dangerous "depends upon the nature and complexity of the allegedly dangerous instrument, the age, intelligence and experience of the child, and his proficiency with the instrument" *(Bottillo v Poette,* 152 AD2d 840, 841). Such a determination may, where the record is sufficiently developed, be made as a matter of law *(see, supra,* at 841).

Riding a bicycle has become, practically speaking, a natural stage of every child's development. It is very common to see very young children, like Aaron, riding unassisted. Although a child's bicycle is a machine, it is not complex. Here, the undisputed evidence establishes that Aaron had been riding

---

1. Plaintiff's husband also brought a derivative action.
2. The County is not a party to this appeal.

his bicycle some two years prior to the accident, that he possessed the basic skills to ride it and never had a prior accident with it. The record is devoid of any evidence that his parents were aware that Aaron might not be able to control his bike on the path without placing third parties at unreasonable risk. Therefore, we hold, as a matter of law, under the circumstances herein, that Aaron's bicycle was not a "dangerous instrument" within the meaning of *Nolechek v Gesuale (supra)* and grant summary judgment in favor of defendants.

Mikoll, White, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Thomas Hranek and Jan Hranek and cause of action alleging negligent entrustment of a dangerous instrument dismissed.