[622 NYS2d 5]

SOLON BAROCAS, an Infant, by his Father and Natural Guardian, HARVEY BAROCAS, et al., Plaintiffs, v F.W. WOOLWORTH Co., Defendant and Third-Party Plaintiff-Respondent. HARVEY BAROCAS et al., Third-Party Defendants-Appellants.

First Department, January 12, 1995

## APPEARANCES OF COUNSEL

*Cheryl F. Korman* of counsel, Uniondale *(Evan H. Krinick* with her on the brief; *Rivkin Radler & Kramer,* attorneys), for third-party defendants-appellants.

*Frederick D. Schmidt, Jr.,* of counsel, New York City *(William Kleen* with him on the brief; *Caulfield, Heller & Harris,* attorneys), for third-party plaintiff-respondent.

## OPINION OF THE COURT

WILLIAMS, J.

The question on this appeal is whether alleged parental negligence in providing an action figure doll to an infant can give rise to liability.

On January 7, 1984, the infant plaintiff's mother purchased two plastic, posable action figures from defendant. The packaging for the toy bore a legend stating that it was recommended for children over the age of 3 years. At the time, the infant plaintiff was 2 years and 7½ months old and toilet trained enough to urinate by himself at an ordinary toilet. That evening, the infant was at home, alone in the bathroom, when his father heard him scream. The father ran to the bathroom where he saw the infant crying and holding his penis which was cut across the shaft; he was also holding one of the action figures his mother had just purchased, the leg of which was bent back and appeared to be jagged and sharp.

The mother testified that the infant had experience with similar dolls because he had played with them in his play group and with his sister. When she gave the toy to her child, she removed it from its packaging and gave the child the doll only and not the small guns that came with it. She looked in on the child periodically as he played with the doll. After the incident, she complained to the defendant by phone that the toy was dangerous and should be taken off the market. The infant suffered no pain or impairment afterward, but did have anxiety about the pain suffered at injury and embarrassment about the scar; the sutures created pockets on the penis which are prone to infection and which will require surgery.

The father brought an action against defendant, in April 1984, on the infant's and his own behalf, alleging, *inter alia,* that defendant had defectively designed the toy, had placed a defectively designed, unreasonably dangerous toy into the

stream of commerce, and had breached a warranty of merchantability, since the toy was not reasonably fit for its intended use. Following years of discovery, including plaintiffs' supplemental bill of particulars dated February 25, 1992, and the examinations before trial of the mother and father in June 1992, defendant served a third-party complaint on the mother and father in July 1992, alleging that any injuries to infant plaintiff were caused by their failure to supervise him properly and by negligently entrusting a dangerous instrument to him, such that they were liable for indemnification to defendant. The mother and father moved for summary judgment dismissing the third-party complaint for failure to state a cause of action. The court denied the motion, finding issues of fact on defendant's claim that the parents had negligently entrusted a dangerous instrument to their child, who was under the recommended age for use of the toy.

The Supreme Court erred in denying the motion to dismiss the third-party complaint, since defendant and third-party plaintiff failed to prove the existence of a viable cause of action.

The analysis in this matter begins with *Holodook v Spencer* (36 NY2d 35). *Holodook* held, *inter alia,* that in New York, a parent does not have a legally enforceable duty to supervise his children and cannot be deemed negligent for failing to do so or for doing so improperly, and therefore children and third parties are precluded from bringing an action against the parent on this basis. However, there are two exceptions to *Holodook* which are relevant here.

One exception to *Holodook* was articulated by the Court of Appeals in *Nolechek v Gesuale* (46 NY2d 332), and is our chief concern here. In *Nolechek,* a father commenced a wrongful death action to recover damages for the death of his 16-year-old son who was killed when the motorcycle he was riding struck a steel cable suspended by defendants to close off a road they were using to transport sand and gravel. Defendants counterclaimed against the father for contribution on the theory that he was negligent in providing his son, who was blind in one eye and suffered impaired vision in the other, with a motorcycle. The Court of Appeals reversed the dismissal of the counterclaim. The Court reasoned that although an infant has no cause of action against a parent for negligent supervision in entrusting the infant with a dangerous instrument, third parties who contribute to the injuries of the child do have a cause of action for contribution against such par-

ents, since they owe "a duty to protect third parties from the foreseeable harm that results from the children's improvident use of dangerous instruments, to the extent that such use is subject to parental control". *(Supra,* at 340.) Such "harm" to third parties need not be the direct physical injury caused by these instruments, but may also be financial harm resulting from potential liability as a concurrent tortfeasor for the child's injury.

In determining whether a cause of action lies under *Nolechek (supra),* the court must determine whether a parent negligently or unreasonably entrusted to his child an instrument which may constitute a foreseeable danger to a third party. The determination of whether an instrument is dangerous depends on the nature and complexity of the instrument, the age, intelligence and experience of the child, and his proficiency with the instrument, and on a sufficiently developed record, such determination can be made as a matter of law *(Santalucia v County of Broome,* 205 AD2d 969, 970, citing *Bottillo v Poette,* 152 AD2d 840, 841).

The record indicates that the instrument at issue was a small, simple plastic doll, recommended for use by children over 3 years old; this child was 2 years and 7½ months old, but was considered bright by his parents, and had prior experience playing with similar dolls as part of his play group and with his sister. Given these circumstances, and in the absence of evidence that the parents were aware that the toy was unsafe or that the child did not know how to use it without placing third parties at unreasonable risk, the 4½-month difference between the child's age and the age recommended for use of the toy becomes inconsequential. The IAS Court should have made a determination that this toy was not a dangerous instrument as a matter of law, as did the courts in *Santalucia v County of Broome (supra* [bicycle]); *Parsons v Wham-O* (150 AD2d 435 [waterslide]); *Schwartz v Licht* (173 AD2d 458 [tennis ball]); *Young v Dalidowicz* (92 AD2d 242 [skateboard]); *Pietrzak v McGrath* (85 AD2d 720 [seesaw]); and *St. Pierre v City of Watervliet* (127 Misc 2d 135 [plastic tricycle]).

The *Nolechek* Court found it unacceptable to allow a parent to recover damages and simultaneously to escape contribution liability under the circumstances of that case. Here, however, where a manufacturer has placed an apparently poorly designed, unsafe toy on the market, it would be even more incongruous to permit the manufacturer to obtain contribu-

tion from parents who unwittingly bring that toy into their home, only to have it injure their child.

The other exception that is relevant here was mentioned in the *Holodook* decision itself. Where a duty is ordinarily owed, apart from the family relationship, New York law does not bar the cause of action in negligence because the parties are parent and child *(Holodook v Spencer, supra,* at 50, citing *Gelbman v Gelbman,* 23 NY2d 434). Of course under this theory of liability, ordinary negligence, a defendant can seek contribution from a parent whose conduct contributed to his plaintiff-child's injury *(Hlavinka v Slovak Sky Bungalow Colony,* 203 AD2d 855; *Young v Greenberg,* 181 AD2d 492; *Walden v Rensselaer Polytechnic Inst.,* 116 AD2d 963).

In the case at bar, the third-party complaint failed to allege facts in support of defendant's ordinary negligence claims; the facts alleged related only to the negligent supervision and negligent entrustment claims *(see, Pravato v Pravato,* 175 AD2d 116; *Keohan v Di Paola,* 97 AD2d 596).

Therefore, since the claims for negligent entrustment of a dangerous instrument are summarily denied; the claims for ordinary negligence, apart from the familial relationship, are not supported in the complaint; and the claims of negligent supervision are not actionable, the order of the Supreme Court, New York County (Carol H. Arber, J.), entered on or about September 30, 1993, which denied third-party defendants' motion for summary judgment dismissing the third-party complaint, is reversed, on the law, without costs, and the third-party complaint dismissed. The Clerk is directed to enter judgment in favor of third-party defendants-appellants, dismissing the third-party complaint, without costs.

WALLACH, J. P., ASCH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on or about September 30, 1993, which denied third-party defendants' motion for summary judgment dismissing the third-party complaint, reversed, on the law, without costs, and the third-party complaint dismissed.