■ Elsy A. Sorto et al., Appellants, v Victor M. Flores et al., Respondents. [660 NYS2d 60] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), entered

July 18, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Victor Flores, a five-and-one-half-year-old boy, was riding his bicycle in a parking lot near his home while Elsy A. Sorto, a three-year-old girl, was playing nearby. Victor's bicycle collided with Elsy, her right hand became entangled in the spokes of one of the wheels, and her fourth finger was severed at the first joint. Elsy's parents brought this action on behalf of their daughter and themselves, alleging that Victor was negligent in operating the bicycle and that his mother and grandfather negligently supervised the boy by entrusting him with a dangerous instrument. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and we affirm.

It is well established that parents owe a duty to third parties to "shield them from an infant child's improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use" (Nolechek v Gesuale, 46 NY2d 332, 338). The determination of whether a particular instrument is dangerous depends upon the "nature, complexity, and size of the instrument as well as the age and proficiency of the infant utilizing it" (Young v Dalidowicz, 92 AD2d 242, 248). Such a determination may, where the record is sufficiently developed, be made as a matter of law (Santalucia v County of Broome, 205 AD2d 969, 970).

In the present case, there is no evidence in the record that the bicycle had any mechanical defect, that it was used improperly, or that it was unsuitable for a boy of Victor's age, height, or weight. Moreover, there is no proof that Victor was physically impaired or that he lacked the basic skills of an average boy his age. In addition, the record is clear that Victor was riding the bicycle in an area appropriate for that use. Based on these facts, the Supreme Court properly concluded as a matter of law that the bicycle was not a dangerous instrumentality (see, Santalucia v County of Broome, supra; DeRider v Haines, 168 AD2d 1005; Steinberg v Cauchois, 249 App Div 518). Accordingly, the Supreme Court properly dismissed the negligent supervision claims asserted against Victor's mother and grandfather.

Inasmuch as there was no evidence that Victor's conduct deviated from the degree of care expected of a reasonably prudent child of his age, experience, intelligence, and degree of development, the negligence claim asserted against him was also properly dismissed (see, Gonzalez v Medina, 69 AD2d 14, 18). O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.