■ SHEENA LAMICA et al., Individually and as Parents and Guardians of ROSEMARIE LAMICA, an Infant, Respondents, v JO-ANN PECORE, Appellant. [709 NYS2d 694] —Rose, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 22, 1999 in Essex County, which granted plaintiffs' motion to dismiss defendant's counterclaim.

Plaintiffs commenced this action to recover damages for injuries sustained by their 11-year-old daughter when she was struck by defendant's motor vehicle while riding her bicycle. Defendant asserted a counterclaim alleging plaintiffs' failure to furnish a bicycle safety helmet and require their daughter to wear it at the time of the accident, and seeking contribution or indemnification reducing any verdict which they might obtain. It is not disputed that the child was riding without a helmet at the time of the accident in violation of Vehicle and Traffic Law § 1238 (5) (b) and that her mother, plaintiff Sheena Lamica, pleaded guilty to an infraction of Vehicle and Traffic Law § 1238 (8).

Shortly after issue was joined and before discovery was completed, plaintiffs moved for dismissal of the counterclaim on the ground that parents cannot be held liable for the injuries sustained by their child based upon lack of parental supervision under the holding in *Holodook v Spencer* (36 NY2d 35). Supreme Court granted the motion, prompting this appeal by defendant.

Relying on the exception to *Holodook* defined in *Nolechek v Gesuale* (46 NY2d 332), defendant contends that in permitting their 11-year-old daughter to operate a bicycle on a State highway without a safety helmet in violation of Vehicle and Traffic Law § 1238, plaintiffs negligently entrusted her with a dangerous instrument which caused foreseeable harm by exposing defendant to tort liability. Inasmuch as plaintiffs' motion to dismiss was not supported by any factual allegations and argued solely that such a parental duty would conflict with controlling legal principles, we view the motion as one to dismiss the counterclaim for failure to state a cause of action (*see*, CPLR 3211 [a] [7]).

As the Court of Appeals noted in *Nolechek*, "[c]hildren might, at various points in their development, be permitted, and properly so, to use bicycles, lawn mowers, power tools, motorcycles, or automobiles, all of which are, *in some contingencies*, 'dangerous instruments'" (*Nolechek v Gesuale, supra*, at 338 [emphasis supplied]). The relevant "contingencies" in determining whether such an instrument is dangerous include "the nature and complexity of the alleged dangerous instrument, the age, intelligence and experience of the child, and his proficiency with the instrument" (*Bottillo v Poette*, 152 AD2d 840, 841).

Defendant contends that, as a matter of law, the lack of a safety helmet is such a "contingency" rendering a bicycle more dangerous for a child less than 14 years of age, even though not a defect in the bicycle itself. Defendant's counterclaim is based on the assumption that Vehicle and Traffic Law § 1238 seeks to protect young children from the risk of harm posed by this contingency, and she argues that statutory recognition of this risk must also subject parents to a duty to avoid foreseeable harm caused to third parties who may thereby be exposed to tort liability.

Such an expansive reading of Vehicle and Traffic Law § 1238 is expressly contradicted by subdivision (7) which, in relevant part, reads as follows: "The failure of any person to comply with the provisions of this section shall not * * * in any way diminish or reduce the damages recoverable in any * * * action [for personal injury by or on behalf of such person]." In addition to precluding defendant's counterclaim from reducing any damages recoverable on plaintiffs' personal injury claims on behalf of the child, which defendant concedes, this subdivision bars reduction of plaintiffs' derivative claim for loss of their child's services because such claims are within the definition of "personal injury" (*see*, General Construction Law § 37-a; *Psota v Long Is. R. R. Co.*, 246 NY 388, 395). Accordingly, Supreme Court properly dismissed the counterclaim.

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.