OPINION OF THE COURT
 

 Graffeo, J.
 

 Plaintiff Desiree Rios commenced a negligence action against several defendants to recover damages for injuries she sustained as a passenger on an all-terrain vehicle (ATV) that collided with a tree. The primary issue in this case is whether the jury verdict, which found defendant Theodore Persico’s
 
 *650
 
 (Persico) negligence to be a proximate cause of the accident, can stand as a matter of law. Under the facts and circumstances presented, we decline to disturb the determination of liability.
 

 In 1983, plaintiff, then 17 years old, and her younger sister accompanied 16-year-old defendant Frank Smith, Jr. and 17-year-old defendant Theodore Pérsico, Jr. (Pérsico, Jr.) to a farm owned by defendant Alphonse Pérsico in Saugerties, New York. The adolescents stayed at one of the residences located on the premises that had been occupied by Persico’s family as a seasonal residence for a number of years. Pérsico owned at least two three-wheel ATVs, for use by his five sons, which he kept at this residence.
 

 On the day of the accident, Pérsico was not present at the farm. Pérsico, Jr. and Smith, each operating an ATV, asked plaintiff and her sister to go for a ride on the vehicles. When the young women consented, plaintiff climbed aboard the ATV driven by Smith and her sister rode with Pérsico, Jr. At some point during the excursion, the operators rode the vehicles onto a blacktop pathway that was lined with trees, and proceeded to perform “wheelies,” lifting the front wheel of the vehicle off the ground. As the young men then began to race, Smith drove the ATV he was operating off the pathway and up a grassy incline. Plaintiff suffered serious injuries when the vehicle hit a tree, causing her to be thrown against the tree trunk, with the ATV coming to rest on top of her.
 
 *
 

 Plaintiff’s complaint asserted, among other claims, a cause of action against Pérsico sounding in negligent entrustment of a dangerous instrument to a minor. Pérsico answered and interposed a cross claim against Smith for common-law indemnification and contribution.
 

 Following the liability phase of the bifurcated trial, Supreme Court instructed the jury to determine whether Pérsico failed to use reasonable care in entrusting the ATVs to his son, with knowledge that his son’s use could involve lending an ATV to his companion, and whether such use created an unreasonable risk of harm to others. Pérsico objected to the instructions, asserting that a parent could be liable under such a theory only if the dangerous instrument was entrusted to his or her own child, not to another child. He also challenged the order in
 
 *651
 
 which the charges were given, requesting that “Frank Smith be named first, since he is the first named defendant on the caption.” Supreme Court rejected both contentions.
 

 The jury returned a verdict in plaintiffs favor and apportioned 35% of the fault to Pérsico, 40% to Smith and 25% to plaintiff. At the conclusion of proof regarding damages, plaintiff was awarded $6,800,000 for her past pain and suffering and $2,250,000 for her future pain and suffering. Supreme Court denied Persico’s motion to set aside the verdict as to liability, but granted reductions in the pain and suffering damages award. Pérsico appealed from the order insofar as it denied his motion to set aside the determination of liability and failed to reduce damages to the extent he had requested. The Appellate Division rejected the challenge to the liability finding but modified Supreme Court’s order by further reducing the damages award, ordering a new trial on the issue unless plaintiff consented to a reduction in damages for past pain and suffering to $2,000,000 and future pain and suffering to $1,000,000
 
 (see, Rios v Smith,
 
 267 AD2d 369). After plaintiff stipulated to these reductions, we granted Pérsico leave to appeal to this Court (95 NY2d 755).
 

 Our analysis begins with an examination of the precedents relevant to the theory of negligence asserted in this case. Based on the holding enunciated in
 
 Holodook v Spencer
 
 (36 NY2d 35), we have long recognized that a parent’s negligence in failing to properly supervise and control a child will generally not constitute a tort actionable by the child. This principle was grounded in fundamental concerns regarding the detrimental effects of potential liability on the parent-child relationship. In particular, the Court cautioned that, if negligent supervision claims were allowed, “it would be the rare parent who could not conceivably be called to account in the courts for his [or her] conduct toward his [or her] child, either by the child directly” or through a third-party action for indemnification and apportionment
 
 (id.,
 
 at 45-46). Recognizing this potential strain on familial relations, we held that a claim on behalf of an infant against a parent, or by a party seeking contribution or indemnification against a parent, predicated on the parent’s negligent failure to supervise that child would not lie.
 

 In examining the duties arising from the parent-child relationship, however, the
 
 Holodook
 
 Court noted that “[failure to supervise may entail legal consequence where injury to a third party results, for example, under circumstances where a parent negligently entrusts to his [or her] child a dangerous instru
 
 *652
 
 ment, or an instrument potentially dangerous in the child’s hands, so as to create an unreasonable risk to others”
 
 (id.,
 
 at 45). This duty was further explored in
 
 Nolechek v Gesuale
 
 (46 NY2d 332).
 

 In
 
 Nolechek,
 
 a father sued various parties for the wrongful death of his son as the result of a motorcycle accident, alleging that defendants had negligently permitted a daligerous condition to exist without any warnings or safeguards
 
 (see, id.,
 
 at 335-337). Interposing a counterclaim, one of the defendants contended that the father had negligently entrusted the motorcycle to his child, who was blind in one eye and had impaired vision in the other eye. In reinstating defendant’s counterclaim, this Court held that although
 
 Holodook
 
 stood for the proposition that “[a] minor child has no cause of action against his [or her] parent for negligent supervision in general, or for negligently entrusting him [or her] with a dangerous instrument in particular[,] * * * [t]here is, however, a duty by a parent to protect third parties from harm resulting from an infant child’s improvident use of a dangerous instrument, at least, and perhaps especially, when the parent is aware of and capable of controlling its use”
 
 (id.,
 
 at 336).
 

 Most recently, in
 
 LaTorre v Genesee Mgt.
 
 (90 NY2d 576), we explained that
 
 Nolechek
 
 provides a “very specific and narrow complement to the predominant
 
 Holodook
 
 principle”
 
 (id.,
 
 at 581). In
 
 LaTorre,
 
 we concluded that, as a matter of law, a mother could not be held liable for leaving her child unsupervised at a shopping mall, despite her knowledge of the child’s propensity for violent physical outbursts. In acknowledging the policy concerns underlying
 
 Holodook,
 
 we again emphasized that it is “unreasonable to burden parents and guardians * * * by exposing them to rebound liability, flowing from a child’s or adult’s natural deficits or personal qualities” based merely on “general allegations”
 
 (id.,
 
 at 582). In order to establish the basis for liability, a plaintiff must prove the “extraordinariness or patent foreseeability of the particular situation”
 
 (id.,
 
 at 584). Thus,
 
 LaTorre
 
 made clear that parental liability for negligent entrustment is limited to circumstances where a parent’s conduct creates a particularized danger to third persons that is plainly foreseeable.
 

 Here, Pérsico asserts that under the holding in
 
 Nolechek
 
 he may not be held liable for negligent entrustment because Smith, the operator of the ATV at issue, is unrelated to him. However, this contention places strictures on the controlling precedent that simply do not exist. As the Court stated in
 
 *653
 

 Nolechek
 
 and echoed in
 
 LaTorre,
 
 a parent owes a duty to protect third parties from harm that is clearly foreseeable from the child’s improvident use or operation of a dangerous instrument, where such use is found to be subject to the parent’s control
 
 (see, Nolechek v Gesuale, supra,
 
 46 NY2d, at 340;
 
 LaTorre v Genesee Mgt., supra,
 
 90 NY2d, at 584;
 
 see also, Ripton v Grade,
 
 266 AD2d 885;
 
 Paladino v Isasi,
 
 123 AD2d 379).
 

 At trial, none of the defendants testified but Persico’s deposition testimony was admitted into evidence. His testimony revealed that he was aware that his sons had driven the ATVs in the past with passengers on the vehicles and it was likely that his sons had performed “wheelies” while riding the ATVs. He further acknowledged that Smith had probably driven one of the ATVs on prior occasions as he had been a frequent visitor to the farm. Pérsico admitted that he established no rules regarding his sons’ use of the ATVs, and did not limit his sons’ ability to lend the ATVs to others. The operation of the ATVs was not restricted to particular areas on the farm either. In light of this evidence, Pérsico could have clearly foreseen that his son’s access to and use of the ATVs could involve riding one of the vehicles while lending the other to a friend and that such use might expose passengers on the ATVs to injury. Thus, the evidence was legally sufficient for the jury to determine that Pérsico created an unreasonable risk of harm to plaintiff by negligently entrusting the ATVs to his son, whose use of the vehicles involved lending one of the ATVs to Smith, another minor.
 

 Pérsico also contends that as a matter of law the ATV was not a dangerous instrument. Whether a particular object qualifies as a dangerous instrument depends on the nature of the instrument and the facts pertaining to its use, including the particular attributes of the minor using or operating the item
 
 (see,
 
 45 NY Jur 2d, Domestic Relations, § 534;
 
 see also, Craft v Mid Is. Dept. Stores,
 
 112 AD2d 969, 970;
 
 Alessi v Alessi,
 
 103 AD2d 1023, 1024). While this is often a fact-based determination, items that are commonly used by children, of suitable age in a manner consistent with their intended use, may not, as a matter of law, be classified as dangerous instruments
 
 (see, Sorto v Flores,
 
 241 AD2d 446, 447;
 
 Barocas v Woolworth Co.,
 
 207 AD2d 145, 148;
 
 Santalucia v County of Broome,
 
 205 AD2d 969, 970-971,
 
 lv dismissed
 
 84 NY2d 923). Under the particular facts and circumstances presented here, however, the issue of whether the ATV was a dangerous instrument was a question of fact properly submitted for jury determination. The record
 
 *654
 
 revealed that Pérsico estimated that the AT Vs could attain speeds of 20 to 30 miles per hour and a passenger would ride the vehicle by holding onto the driver. His testimony described the unrestricted use of the ATVs on the approximately 40 acres of rural property, including use of the vehicles off paved surfaces. He was aware his sons operated the vehicles with passengers and had likely performed wheelies. In light of this proof, it was not improper for Supreme Court to submit this issue to the jury for resolution.
 

 Finally, Persico’s challenge to the jury instructions on the basis that a parent’s liability for negligent entrustment should not be considered by the jury before the infant’s negligence is determined is unpreserved as the objection at trial was on a wholly different ground
 
 (see, Harvey v Mazal Am. Partners,
 
 79 NY2d 218, 225). Furthermore, to the extent Pérsico contends that the award of damages was excessive, this raises an issue beyond the scope of our powers of review.
 

 Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.
 

 *
 

 This accident predates the enactment of article 48-B of the Vehicle and Traffic Law which pertains to the registration and operation of all-terrain vehicles.