█ YISROEL SIMCHA, an Infant, by His Father and Natural Guardian, CHAIM SIMCHA, et al., Appellants, v NAFTALI Y. SIMCHA, an Infant, by His Mother and Natural Guardian, FAYE SIMCHA, et al., Respondents. [741 NYS2d 245] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), entered May 16, 2001, which granted the defendants' motion pursuant to CPLR 4401 made at the close of the evidence for judgment as a matter of law on the ground that the plaintiffs failed to present a prima facie case and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The infant plaintiff was burned while sitting on the kitchen floor when the then six-year-old defendant, Naftali Simcha, dropped a cup of hot water on him. The plaintiffs commenced this action alleging that the infant defendant was negligent in taking hot water from a coffee urn and carrying it across the

kitchen, and that his parents negligently supervised the child by entrusting him with a dangerous instrument. At the close of the evidence, the Supreme Court granted the defendants' motion for judgment as a matter of law on the ground that the plaintiffs failed to establish a prima facie case. We affirm.

The determination of whether a particular instrument is dangerous depends upon the " 'nature, complexity, and size of the instrument as well as the age and proficiency of the infant utilizing it' " (*Sorto v Flores,* 241 AD2d 446, 447, quoting *Young v Dalidowicz,* 92 AD2d 242, 248). Such a determination may, where the record is sufficiently developed, be made as a matter of law (*see Rios v Smith,* 95 NY2d 647, 653; *Sorto v Flores, supra* at 447). The Supreme Court properly concluded as a matter of law that, under the circumstances, the coffee urn, a common appliance used regularly in our society, was not a dangerous instrument (*see e.g. Wells v Finnegan,* 177 AD2d 893, 894). Moreover, there was no evidence that the infant defendant's conduct "deviated from the degree of care expected of a reasonably prudent child of his age, experience, intelligence, and degree of development" (*Sorto v Flores, supra* at 447). Thus, the negligence claim asserted against him was properly dismissed. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.