Pineiro v Rush (2018 NY Slip Op 04994)





Pineiro v Rush


2018 NY Slip Op 04994


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

524839

[*1]ALEXIS PINEIRO, Respondent,
v
ROGER RUSH et al., Appellants.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Wilson, Bave, Conboy, Cozza & Couzens, PC, White Plains (James A. Rogers of counsel), for appellants.
Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered March 28, 2017 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.
At all times relevant, defendant Megan Myrick operated a day-care business out of the residence she shared with defendant Roger Rush in the Town of Katrine, Ulster County. On the afternoon of July 11, 2014, plaintiff went to the premises to pick up her daughter. Upon arriving, plaintiff entered the enclosed front porch of the residence, which she described as cluttered with numerous toys, objects and pieces of furniture. There were also several children on the porch, including Myrick and Rush's infant child, who plaintiff proceeded to pick up. While plaintiff was walking along the porch toward the front door of the residence with the infant child in her arms, her right leg was struck by a bicycle being operated by Myrick and Rush's three-year-old child, causing her to lose her balance and fall to the ground. Plaintiff thereafter commenced this action alleging that defendants negligently maintained the porch and failed to adequately supervise the three-year-old child. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal.
Defendants' principal contention on this appeal is that the conduct of the three-year-old [*2]child was, as a matter of law, the sole proximate cause of plaintiff's accident [FN1]. We cannot agree. Typically, the question of proximate cause presents a factual issue for a jury to resolve (see Hain v Jamison, 28 NY3d 524, 529 [2016]; Voss v Netherlands Ins. Co., 22 NY3d 728, 737 [2014]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). "[I]t is only when one conclusion may be drawn from the established facts that the question of legal cause may be decided as a matter of law" (Grant v Nembhard, 94 AD3d 1397, 1398 [2012] [internal quotation marks, brackets and citations omitted]; see Hain v Jamison, 28 NY3d at 529; Speller v Sears, Roebuck & Co., 100 NY2d 38, 44 [2003]; Kriz v Schum, 75 NY2d 25, 34 [1989]; Derdiarian v Felix Contr. Corp., 51 NY2d at 315). Further, it is settled that "there may be more than one proximate cause of an accident" (O'Brien v Couch, 124 AD3d 975, 977 [2015] [internal quotation marks and citation omitted]; see Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 560 n 2 [1999]; Rivera v Fritts, 136 AD3d 1249, 1250 [2016]).
Here, the actions of the three-year-old child were unquestionably the precipitating factor in plaintiff's accident. However, plaintiff explained that, after being struck by the bicycle, she attempted to regain her balance but was unable to because she was "trapped" between a table and an ottoman and could not take a step in any direction without tripping on one of the various objects scattered about the porch. She further averred that, had the floor not been so cluttered with toys, objects and furniture, she would have been able to regain her balance before falling. Viewing this evidence in the light most favorable to plaintiff and affording her the benefit of every favorable inference that may be drawn therefrom (see Acton v 1906 Rest. Corp., 147 AD3d 1277, 1279 [2017]; Baird v Gormley, 116 AD3d 1121, 1124 [2014]), we find a triable issue of fact as to whether the condition of the porch was a proximate cause of plaintiff's injuries (see Kraft v Loso, 154 AD3d 1265, 1266 [2017]; Jankite v Scoresby Hose Co., 119 AD3d 1189, 1191 [2014]; Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267 [2010]; Bush v Mechanicville Warehouse Corp., 69 AD3d 1207, 1209 [2010]; Scala v Scala, 31 AD3d 423, 425 [2006]). Under these circumstances, the issue of whether the actions of the three-year-old child or the allegedly cluttered condition of the porch, or both, proximately caused plaintiff's accident should be decided by a jury.
Nor did Supreme Court err in denying that portion of defendants' motion that sought dismissal of plaintiff's negligent supervision claim. "[I]t is well-established law that a parent owes a duty to third parties to shield them from an infant child's improvident use of a dangerous instrument, at least, if not especially, when the parent is aware of and capable of controlling its use" (Nolechek v Gesuale, 46 NY2d 332, 338 [1978]; see Rios v Smith, 95 NY2d 647, 653 [2001]; LaTorre v Genesee Mgt., 90 NY2d 576, 581 [1997]). As the Court of Appeals has explained, "[c]hildren might, at various points in their development, be permitted, and properly so, to use bicycles, lawn mowers, power tools, motorcycles, or automobiles, all of which are, in some contingencies, 'dangerous instruments'" (Nolechek v Gesuale, 46 NY2d at 338; see Rios v [*3]Smith, 95 NY2d at 653). "[T]he determination of whether a particular instrument is dangerous 'depends upon the nature and complexity of the allegedly dangerous instrument, the age, intelligence and experience of the child, and his [or her] proficiency with the instrument'" (Santalucia v County of Broome, 205 AD2d 969, 970 [1994], lv dismissed 84 NY2d 923 [1994], quoting Bottillo v Poette, 152 AD2d 840, 841 [1989]; see Rios v Smith, 95 NY2d at 653; Sorto v Flores, 241 AD2d 446, 447 [1997]). Where the record is sufficiently developed, such a determination may be made as a matter of law (see Sorto v Flores, 241 AD2d at 447; Santalucia v County of Broome, 205 AD2d at 970).
Other than the child's age, the pertinent factors are only hinted at in the record. The pictures in the record depict a typical children's bicycle with training wheels, but no evidence was presented as to this three-year-old's prior experience or proficiency with bicycles. In fact, the only evidence even potentially bearing on this issue is Myrick's testimony that the bicycle was "fairly new" — from which it might be inferred that this young child did not have a great deal of experience in operating it. Moreover, a jury could find that the area in which the three-year-old child was riding the bicycle — the narrow porch of a day-care facility wherein various toys, objects and items of furniture were strewn about and people were present — was not appropriate for that use and that the child's use of the bicycle under such circumstances created a foreseeable risk of harm to others (compare Sorto v Flores, 241 AD2d at 447 [finding that a bicycle was not a dangerous instrument when ridden by a 5½-year-old child in a parking lot]; Santalucia v County of Broome, 205 AD2d at 970 [concluding that a 16-inch bicycle was not a dangerous instrument when ridden on a park path meant for bicycling by a five-year-old who had been riding the bicycle some two years prior to the accident, possessed the basic skills to ride it and never had a prior accident with it]). Under the particular facts and circumstances presented here, the issue of whether the bicycle was a dangerous instrument is a question of fact to be resolved by a jury (see Rios v Smith, 95 NY2d at 653; Bottillo v Poette, 152 AD2d at 841; Alessi v Alessi, 103 AD2d 1023, 1023-1024 [1984]; Lofreddo v Town of Brookhaven, 87 AD2d 623, 623 [1982]; Lalomia v Bankers & Shippers Ins. Co., 35 AD2d 114, 117 [1970], affd 31 NY2d 830 [1972]; compare Sorto v Flores, 241 AD2d at 447; Santalucia v County of Broome, 205 AD2d at 970).
Clark and Rumsey, JJ., concur.




Lynch, J. (concurring in part and dissenting in part).


We respectfully dissent, in part. As the majority points out, the record includes a photograph depicting a typical child's bicycle with training wheels suitable for a three-year-old's use. Under the circumstances presented, we cannot agree that the child's use of the bicycle while at play on her own front porch allows for any characterization of the bicycle as a dangerous instrument. It follows that plaintiff's claim of negligent supervision fails as a matter of law and, therefore, we would dismiss said cause of action (see Nolechek v Gesuale, 46 NY2d 332, 338-339 [1978]; Santalucia v County of Broome, 205 AD2d 969, 970 [1994], lv dismissed 84 NY2d 923 [1994]).
Egan Jr., J.P., concurs.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1:Defendants raise no arguments in their brief with regard to Supreme Court's conclusion that triable issues of fact exist as to whether they maintained their property in a reasonably safe condition (see generally Kraft v Loso, 154 AD3d 1265, 1266 [2017]; Acton v 1906 Rest. Corp., 147 AD3d 1277, 1278 [2017]). Thus, any challenge thereto is deemed abandoned (see Teves v Greenspun, 159 AD3d 1105, 1106 n 2 [2018]; Phillips v McClellan St. Assoc., 262 AD2d 748, 749 n [1999]).